## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO.: 17-24640-LMI |
| TRI-COUNTY TRUCKS SALES & EXPORT, CORP., | Chapter 7 |
| _____Debtor./_____ | |

### TRUSTEE'S MOTION TO APPROVE
### SETTLEMENT WITH TRI-COUNTY LOADERS, CORP
### AND TWO SISTERS LOADERS, CORP.

> Any interested party who fails to file and serve a written response to this motion within **21 days** after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.

Ross R. Hartog, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Tri-County Trucks Sales & Export, Corp., by and through the undersigned counsel, pursuant to Fed.R.Bankr.P. 9019, files this Motion to Approve Settlement with Tri-County Loaders, Corp. and Two Sisters Loaders, Corp. (Tri-County Loaders Corp. and Two Sisters Loaders, Corp. shall be referred to herein as "Loaders"). In support of this Motion (the "Motion"), the Trustee states as follows:

### BACKGROUND

1. On December 7, 2017 (the "Petition Date"), Tri-County Trucks Sales & Export, Corp. ("Debtor"), filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. The Debtor was in the business of buying, refurbishing, and selling vehicles.

3. During the Trustee's administration of the Bankruptcy, the Trustee alleged that the Debtor transferred certain vehicles and other equipment to Loaders within two years of the commencement of the Bankruptcy, (collectively, the "Transfers")[1].

4. The Trustee alleges, among other things, that the Transfers are subject to avoidance and the vehicles and equipment are recoverable as fraudulent transfers under Sections 544, 547, and 550 of the Bankruptcy Code, and as such are property of the Bankruptcy estate.

5. Loaders dispute the Trustee's allegations and has raised certain defenses.

6. In light of the cost and uncertainty of litigation, the Trustee and Loaders (collectively, the "Parties") have negotiated in good faith to resolve the matters at issue and have entered into a Settlement Agreement and Release (the "Settlement") to fully settle and resolve all matters in order to avoid litigation and to minimize the expense and costs to the bankruptcy estate.

## PROPOSED SETTLEMENT

7. The Settlement resolves the dispute between the Parties.

8. The material terms of the Settlement include the following:

   A. Loaders agree to pay the total sum of Fifty Thousand Four Hundred and Five Dollars ($50,405.00) by cashier's check, attorney trust account check, wire transfer, or other form of immediately available funds to the Trustee (the "Payment") in settlement and full and final satisfaction of all claims raised or that could have been raised in connection with the Transfers, including any claims for attorneys' fees and costs, and any and all claims against Loaders that are released in this Settlement. The Settlement Amount shall be made payable to Markowitz Ringel Trusty & Hartog, P.A., counsel for Ross R. Hartog, the Trustee, and delivered to Markowitz Ringel Trusty & Hartog, P.A., c/o John H. Lee 9130 South Dadeland Blvd., Suite 1800, Miami, Florida 33156, within seven (7) calendar days of the execution of this Settlement by the Parties.

   B. Loaders waives any and all claims that they have filed or might have filed in the Bankruptcy, be they unsecured, unsecured priority, secured, or administrative, including but not limited to, claims under 11 U.S.C. §

---

[1] The Transfers are more fully described in the attached Settlement.

        502(h) (the "Bankruptcy Claims"). Loaders further waives any right to oppose any objection to the Bankruptcy Claims filed by any party in interest including, but not limited to, the Trustee.

    C.    The Settlement provides for mutual releases to become effective upon delivery of the Settlement Amount and once the order approving the Settlement becomes final and non-appealable.

9.    The foregoing provisions of the Settlement are included here for summary purposes only and not intended to constitute a full recitation of the terms of the Settlement. Accordingly, review of these selected terms or this Motion should not be a substitute for review of the complete Settlement. A true and correct copy of the Settlement is attached hereto as **Exhibit "A."**

10.    Trustee has determined that the Settlement with Loaders is in the best interests of the Estate based upon the time, cost and delay that would be incurred in pursuing the issues absent an amicable resolution.

## BASIS FOR RELIEF

11.    Bankruptcy Rule 9019 (a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[2]

12.    The "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F. 2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

---

[2] *Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia,* relief without a hearing for motions to approve settlement.

13. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Roddman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

14. According to the Unites States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a) the probability of success in litigation;
(b) the difficulties, if any, to be encountered in the matter of collection
(c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d) the paramount interest of the creditors and a proper defense to their reasonable views in the premises.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). See *Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

15. The Trustee believes that the proposed Settlement meets the standards set forth in *In re Justice* Oaks *II.* criteria and is in the best interest of all creditors because it allows the Trustee to resolve the dispute without the expense, delay and uncertainty of outcome that comes with trial. Furthermore, one of the significant benefits to the proposed settlement is the immediate payment of $50,405.00 by Loaders, which will bring immediate additional funds into the bankruptcy estate.

16. Therefore, the Trustee recommends approval of the Settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

17.     Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as **Exhibit "B"**.

WHEREFORE, the Trustee respectfully requests that this Court enter an order in the form attached hereto as Exhibit "B" (a) granting this Motion; (b) approving the terms of the Settlement described herein; and (c) granting any and all further relief as this Court deems appropriate under the circumstances.

Dated: August 23, 2018                                     MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.

                                                           9130 S. Dadeland Blvd., Suite 1800
                                                           Miami, Florida 33156
                                                           Tel:  (305) 670-5000
                                                           Fax:  (305) 670-5011

                                                           By: /s/ *John H. Lee*
                                                               John H. Lee, Esq.
                                                               Fla. Bar No. 91795
                                                               jlee@mrthlaw.com

752841

# EXHIBIT "A"
(Settlement Agreement)

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (hereinafter, the "Settlement") is made and entered into by and between Ross R. Hartog, in his representative capacity as Chapter 7 Trustee for the bankruptcy estate of Tri-County Truck Sales & Export, Corp. (the "Trustee") as party of the first part, and Tri-County Loaders Corp. and Two Sisters Loaders, Corp. (Tri-County Loaders Corp. and Two Sisters Loaders, Corp. shall be referred to herein as "Loaders") as party of the second part. The parties to this Settlement are collectively referred to as the "Parties" or singularly as "Party."

## RECITALS

This Settlement is made with respect to the following facts:

A. On December 7, 2017, Tri-County Truck Sales & Export, Corp. (the "Debtor") filed for protection under chapter 7 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), which case was captioned as *In re Tri-County Truck Sales & Export, Corp.*, Case No. 17-24640-LMI (the "Bankruptcy").

B. Ross R. Hartog is the duly appointed Chapter 7 Trustee.

C. During the Trustee's administration of the Bankruptcy, the Trustee alleged that the Debtor transferred certain vehicles and other equipment to Loaders within two years of the commencement of the Bankruptcy, (collectively, the "Transfers"). The Transfers are more fully described in the attached **Exhibit "A"**.

D. The Trustee alleges, among other things, that the Transfers are subject to avoidance and the vehicles and equipment are recoverable as fraudulent transfers under Sections 544, 547, and 550 of the Bankruptcy Code, and as such are property of the Bankruptcy estate.

E. Loaders dispute the Trustee's allegations and has raised certain defenses.

F. The Parties have agreed to settle the dispute in order to avoid further litigation and to minimize expenses and costs to the Bankruptcy estate.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing facts and the promises set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and mutually intending to be bound, the Parties hereby agree as follows:

1. It is hereby stipulated that each of the facts set forth in the recitals above are true and incorporated herein by reference.

2. **Settlement Amount**: Loaders agree to pay the total sum of Fifty Thousand Four Hundred and Five Dollars ($50,405.00) by cashier's check, attorney trust account

check, wire transfer, or other form of immediately available funds to the Trustee (the "Payment") in settlement and full and final satisfaction of all claims raised or that could have been raised in connection with the Transfers, including any claims for attorneys' fees and costs, and any and all claims against Loaders that are released in this Settlement. The Settlement Amount shall be made payable to Markowitz Ringel Trusty & Hartog, P.A., counsel for Ross R. Hartog, the Trustee, and delivered to Markowitz Ringel Trusty & Hartog, P.A., c/o John H. Lee 9130 South Dadeland Blvd., Suite 1800, Miami, Florida 33156, within seven (7) calendar days of the execution of this Settlement by the Parties.

3.  **Bankruptcy Court Approval**: The Parties acknowledge and agree that this Settlement is subject to the approval of the Bankruptcy Court and, therefore, will not be binding until such approval has been granted (the "Approval").

4.  **Claim Waiver**: Loaders waives any and all claims that they have filed or might have filed in the Bankruptcy, be they unsecured, unsecured priority, secured, or administrative, including but not limited to, claims under 11 U.S.C. § 502(h) (the "Bankruptcy Claims"). Loaders further waives any right to oppose any objection to the Bankruptcy Claims filed by any party in interest including, but not limited to, the Trustee.

5.  **Default**: In the event that Loaders fail to make the Payment, the Trustee will provide written notice of the default to Loaders with an opportunity to cure the default within ten (10) calendar days of such notice (the "Cure Period"). Notice as provided in this Settlement will constitute good and sufficient notice for purposes of this paragraph. If either of the Loaders does not cure the default within the Cure Period, this Settlement will be deemed null and void and the Trustee may assert claims against Loaders under applicable law.

6.  **Trustee Release**: Upon timely receipt of the Settlement Amount, the Trustee, on behalf of himself in his capacity as Trustee, the Debtor, and the Debtor's estate, and his respective agents, employees, subsidiaries, assigns, heirs, attorneys, and representatives (the "Trustee Parties"), hereby releases, waives, acquits and forever discharges Loaders and their respective affiliates, including but not limited to Loaders, and their assignees, transferees, principals, partners, employees, servants, subsidiaries, heirs, successors and assigns, past and present, agents, attorneys and representatives (the "Loaders Parties"), from any and all accounts, actions, agreements, bonds, bills, causes of action, claims, contracts, controversies, costs, covenants, damages, disputes, debts, executions, judgments, lawsuits, liabilities, obligations, promises, reckonings, specialties, suits, sums of money, trespasses, variances, of whatever kind, nature, character or description, including, without limitation, claims for monies, damages, costs, expenses, losses and attorneys', accountants' and experts' fees and expenses, whether known or unknown, anticipated or unanticipated, suspected or unsuspected, which the Trustee Parties may have or may hereafter have or claim to have, or which might have been alleged, against the Loaders Parties with respect to the Transfers or any avoidance action under 11 U.S.C. §§ 544, 545, 548, or 553, or similar state

statutes, except for those obligations provided by this Settlement, which will survive this release.

7. **Release of Loaders:** Upon delivery of the Settlement Amount, Loaders, for themselves and the Loaders Parties, hereby release, waive, acquit and forever discharge the Trustee Parties from any and all accounts, actions, agreements, bonds, bills, causes of action, claims, contracts, controversies, costs, covenants, damages, disputes, debts, executions, judgments, lawsuits, liabilities, obligations, promises, reckonings, specialties, suits, sums of money, trespasses, variances, of whatever kind, nature, character or description, including, without limitation, claims for monies, damages, costs, expenses, losses and attorneys', accountants' and experts' fees and expenses, whether known or unknown, anticipated or unanticipated, suspected or unsuspected, which the Loaders Parties may have or may hereafter have or claim to have, or which might have been alleged, against the Trustee Parties with respect to the Transfers, except for those obligations provided by this Settlement, which will survive this release.

8. **No Admission of Liability:** Loaders understand and agree that this is a compromise of disputed claims made in order to avoid the significant costs and uncertainties of litigation and that the promises made in consideration of this Settlement will not be construed to be an admission of any liability or facts whatsoever by Loaders. By executing this Settlement, the Parties expressly deny any liability or fault related to their dispute.

9. **Authority:** Each Party signing this Settlement, and any other documents executed in connection with this Settlement, whether signed individually or on behalf of any person or entity, warrants and represents that he or she has full authority to so execute this Settlement on behalf of the Parties on whose behalf he or she so signs. Each Party signing this Settlement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement and will survive execution of this Settlement.

10. **Legal Advice:** The Parties acknowledge that they have been (or have had the opportunity to be) represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement and that they have read this Settlement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of this Settlement, and each Party understands the terms and provisions of this Settlement and its nature and effect. Each Party further represents that they are entering into this Settlement freely and voluntarily, relying solely upon the advice of their own counsel if applicable, and not relying on representation of any other Party or of counsel for any other Party.

11. **Successors and Counterparts:** This agreement shall be binding upon and inure to the benefit of the Parties and their agents, next of kin, executors, administrators, legal representatives, successors and assigns. This Agreement may be executed in counterparts which, taken together, shall constitute one and

the same agreement and shall be effective as of the date first written above. A photocopied or emailed signature shall be deemed an original.

12. **Jurisdiction**: The United States Bankruptcy Court, Southern District of Florida, shall retain sole and exclusive jurisdiction over this Settlement, as well as the Parties hereto, to enter any order(s) and resolve any disputes related to this Settlement and the final non-appealable order approving of this Settlement.

13. **Construction**: The language of this Settlement shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties.

14. **Entire Agreement and Severability**: This Settlement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior negotiations and agreements, written or oral. This Settlement may not be altered or amended except by an instrument in writing executed by all of the Parties hereto. If any provision or portion of this Settlement is held invalid, void or unenforceable under any applicable statute or rule of law, only that provision, or portion thereof, shall be deemed omitted from this Settlement, and only to the extent to which it is held invalid, and the remainder of the Settlement shall remain in full force and effect.

15. **No Construction against Draftsperson**: This Settlement is a result of negotiations between the Trustee and Loaders and their respective counsel. Accordingly, the fact that counsel for one party or another may have drafted this Settlement is immaterial, and this Settlement shall not be strictly construed against any party.

16. **Reliance on Representations**: The Parties represent and warrant that they have not relied on any representations, promises or agreements other than those expressly set forth in this Settlement.

17. **Attorneys' Fees and Costs**: The Parties understand and agree that each Party will bear its own respective attorneys' fees and costs, and neither Party will have any further monetary claims against the other.

18. **Notice**: All notices, requests, demands, and other communication under this Settlement, other than the Payment which will be directed as stated above, will be in writing and will be personally delivered, electronically mailed, delivered by facsimile or courier service, or mailed, certified with first class postage prepaid as follows:

    If to Trustee:         Ross R. Hartog, Chapter 7 Trustee
                           c/o John H. Lee, Esq.
                           Markowitz, Ringel, Trusty & Hartog, P.A.
                           9130 South Dadeland Boulevard, Suite 1800
                           Miami, Florida 33156
                           Telephone: (305) 670-5000

                    Facsimile: (305) 670-5011
                    Electronic Mail: jlee@mrthlaw.com

If to Loaders:    Lazaro Lopez, Esq.
                    Law Office of Lazaro J. Lopez
                    2333 Brickell Avenue, Ste. A-1
                    Miami, Florida 33129
                    Telephone: (305) 477-5933
                    Facsimile:  (305) 477-5944
                    Electronic Mail: lazaro@lopezattorney.com

19. **Further Assurances**: The Parties will execute and deliver all documents and perform all further acts that may be reasonably necessary to effectuate the purpose and provisions of this Settlement.

20. **Meaning of Pronouns and Effect of Headings**: As used in this Settlement and attached exhibits, the masculine, feminine and/or neuter gender, in the singular or plural, will be deemed to include the others whenever the text so requires. The captions and paragraph headings in this Settlement are inserted solely for convenience or reference and will not restrict, limit, or otherwise affect the meaning of the Parties' agreement.

[Signature Pages Follow]

IN WITNESS WHEREOF, the Parties sign below indicating their intent to be bound by all of the terms and conditions of this Agreement.

Dated: June _____, 2018

Tri-County Truck Sales & Export, Corp.

By: _____
Ross R. Hartog, chapter 7 trustee for the estate of Tri-County Truck Sales & Export, Corp.

Dated: June 26, 2018

Tri-County Loaders Corp.

By: _Carlos Rivera_____
Print: _Carlos Rivera_____
Title: _President_____

Dated: June 26, 2018

Two Sisters Loaders, Corp.

By: _Luisa Alvarado_____
Print: _Luisa Alvarado_____
Title: _President_____

Page 4 of 7

## EXHIBIT A

Vehicles transferred to Two Sisters Loaders, Corp. that are subject to avoidance:
1. 2008 Dodge Ram 5.7 L Hemi, VIN: 1D7HA182X8S518781
2. 2007 Mack CXN Aerodynamic Tractor Trailer, VIN: 1M1AK05Y57N022523
3. 2007 Mack CXN Aerodynamic 600, VIN: 1M1AK05Y87N022516
4. 2001 Mack CH612 600, VIN: 1M1AA08X71W022224
5. 2006 Volvo VNL, VIN: 4V4N19TG46N414382

Vehicles transferred to Tri-County Loaders, Inc that are subject to avoidance:
1. 2003 Volvo tractor trailer, sleeper cab, VIN: 4V4NC9TJ03N337812
2. 2011 Mack Pinnacle, tractor trailer, VIN: 1M1AW01X3BM002528
3. Freightliner Century Class flatbed truck with crane on back, Color: yellow/red (Tri County Loaders Corp. decal on doors)
4. 2010 Mack Tractor Trailer Mod: Pinnacle, Color: Green, VIN: 1M1AW01X4AN002160

**EXHIBIT "B"**
(Proposed Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:

TRI-COUNTY TRUCKS SALES & EXPORT, CORP.,

Debtor./

CASE NO.: 17-24640-LMI

Chapter 7

ORDER GRANTING TRUSTEE'S MOTION
TO APPROVE SETTLEMENT WITH TRI-COUNTY LOADERS, CORP
AND TWO SISTERS LOADERS, CORP.

**THIS CAUSE** came before the Court on _____, 2018 at ___ a.m./p.m. in Miami, Florida, upon the *Trustee's Motion to Approve Settlement with Tri-County Loaders, Corp. and Two Sisters Loaders, Corp.* (the "Motion") [ECF No. ___]. The Court, having reviewed the Motion, noting that no objections were filed, finding that the Settlement (as defined in the Motion) meets the criteria set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and upon the representation that the motion was served on all parties required by

Bankruptcy Rule 2002 or Local Rule 2002-1(H), (I) or (J), and that the form of order was attached as an exhibit to the motion , it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion is **GRANTED**.

2. The Settlement Agreement attached as Exhibit A to the Motion is approved on the terms and conditions set forth therein.

3. The Trustee is authorized to take any and all actions and execute any and all documents necessary to effectuate the terms of the Settlement.

4. The Court incorporates the terms of the Settlement into this Order and retains jurisdiction to enforce the terms thereof.

###

Copies furnished to:
John H. Lee, Esq.
Markowitz, Ringel, Trusty & Hartog, P.A.
9130 So. Dadeland Boulevard, Suite 1800
Miami, Florida 33156
Tel: 305-670-5000
Fax: 305-670-5011
Email: jlee@mrthlaw.com

(Attorney **Lee** is directed to mail a conformed copy of this
Order to all interested parties immediately upon receipt).