## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:

**TRI-COUNTY TRUCKS SALES &
EXPORT, CORP.,**

     **Debtor./**

**CASE NO.: 17-24640-LMI**

**Chapter 7**

### TRUSTEE'S MOTION TO APPROVE
### SETTLEMENT WITH JOSMAR JOSE MARTINEZ OJEDA

Ross R. Hartog, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Tri-County Trucks Sales & Export, Corp., by and through the undersigned counsel, pursuant to Fed.R.Bankr.P. 9019, files this Motion to Approve Settlement with Josmar Jose Martinez Ojeda (the "Creditor"). In support of this Motion (the "Motion"), the Trustee states as follows:

### BACKGROUND

1.     On December 7, 2017 (the "Petition Date"), Tri-County Trucks Sales & Export, Corp. ("Debtor"), filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2.     The Debtor was in the business of buying, refurbishing, and selling vehicles.

3.     As of the Petition Date, the Debtor owned certain equipment, inventory, and vehicles (the "Assets").

4.     The Trustee's appraiser advised that the Assets would have a liquidation value of approximately $130,000.00.

5.     Prior to the Petition Date, the Creditor filed a lawsuit against the Debtor, Telma Alvarado, and Carlos Rivera (the "Defendants") in the Circuit Court of The Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2017- 008305 CA 01, Div. 43, styled *Josmar Jose Martinez Ojeda v. Tri-County Trucks Sales & Export, Corp. Telma Alvarado,*

*Carlos Rivera, Telma Alvarado as officer of Tri-County Trucks Sales & Export, Corp., and Carlos Rivera as officer of Tri-County Trucks Sales & Export, Corp.* (the "State Court Action"), seeking a determination as to the ownership of the Debtor and its assets, for conversion, unjust enrichment, breach of contract, and for equitable accounting. The State Court Action is highly fact intensive and a very contentious dispute. Attached hereto as **Exhibit "A"** is a copy of the amended complaint filed by the Creditor in the State Court Action.

6.      Prior to the Petition Date, the Defendants filed a Counterclaim and Third-Party Complaint in the State Court Action against the Creditor and other third parties.

7.      Prior to the Petition Date, the State Court entered an order pursuant to which funds totaling $120,000.00 ("Funds") are being held in Trust at Iberia Bank in connection with the disputes subject of the State Court Action.

8.      Creditor filed Claim No. 2 in this case, asserting a general unsecured claim in the amount of $712,205.20.

9.      The Creditor asserts that it is a true owner of certain of the Assets and that he has a secured claim against the balance of the Assets. The Trustee has asserted a dispute regarding the validity, priority and extent of the Creditor's liens.

10.     In addition, a dispute exists concerning ownership of the Funds. Creditor contends that the Funds are rightfully his, while Trustee contends that the funds are property of the bankruptcy estate ("Estate").

11.     Furthermore, the Trustee discovered that the Debtor transferred $86,000.00 to the Creditor within ninety days prior to the commencement of the Bankruptcy (the "Transfer"). The Trustee alleges, among other things, that the Transfer is subject to avoidance under 11 U.S.C. § 547, and as such are property of the Bankruptcy estate.

12.     The Creditor disputes the Trustee's allegations and has raised certain defenses. Creditor has provided various financial and other records for the Trustee's review regarding the State Court Action and the Debtor's financial affairs.

13.     In light of the cost and uncertainty to pursue and defend the State Court Action, the value of the Assets and the secured claims and ownership interests asserted against the Assets, and bankruptcy avoidance litigation, the Trustee and the Creditor (collectively, the "Parties") have negotiated in good faith to resolve the matters at issue and have entered into a Term Sheet (the "Settlement") to fully settle and resolve all matters in order to avoid litigation and to minimize the expense and costs to the bankruptcy estate.

## PROPOSED SETTLEMENT

14.     The Settlement resolves the dispute between the Parties.

15.     The material terms of the Settlement include the following:

A.      The Parties agree to resolve the dispute concerning the Funds as part of this global settlement as follows: (a) $110,000 from the Funds shall be released to Creditor, and shall not be deemed property of the Estate; (b) the remaining balance of the Funds (approximately $10,000, inclusive of interest accrued) shall be released to Trustee and shall be deemed property of the Estate.

B.      Creditor shall pay $70,000 ("Purchase Sum") to the Estate for the purchase of the Estate's right, title, and interest in all of Debtor's assets[1], and as settlement of the Estate's Preference claim, and other Chapter 5 claims against Creditor, whether known or unknown. The sale shall include all of Debtor's equipment, inventory, and vehicles, excluding the Toyota Land Cruiser and Toyota Corolla (the "Sale"). Upon Creditor's payment of the Purchase Sum to Trustee, Trustee shall cause title of the Debtor's vehicles, equipment, and inventory to be transferred to Creditor, or its assignee. It shall be the Creditor's responsibility to take possession of any assets that are not currently in the possession of the Trustee. Such transfer shall be free of all liens and encumbrances. Any fees, costs, and taxes associated with said transfer shall be borne by the Creditor. The Order approving such sale shall include a finding that the purchase of the

---

[1] The Trustee will be filing a separate motion to sell the Assets pursuant to 11 U.S.C. § 363.

assets is in good faith and does not violate 11 U.S.C. § 363(n) and Creditor shall have the protections of 11 U.S.C. § 363(m).

Creditor shall retain the Toyota Land Cruiser (VIN JTMCY7AJ8G4044191) and the Toyota Corolla (VIN 2T1BURHE6GC719285), purchased with Creditor's funds and presently in Creditor's possession. Trustee shall cause title to these vehicles to be transferred to Creditor. Such transfer shall be free of all liens and encumbrances. Any fees, costs, and taxes associated with said transfer shall be borne by the Creditor.

C.    Payment will be made payable to Ross R. Hartog, Chapter 7 Trustee and delivered to Ross Hartog, Markowitz, Ringel, Trusty & Hartog, P.A., 101 NE Third Avenue, Suite 1210 Fort Lauderdale, FL 33301. The Payment will be held in trust pending the Approval at which time the Payment will be released to the Trustee.

D.    Creditor shall have an allowed claim for $520,205.20, to which Trustee shall not object (this amount is derived by subtracting the value of the Toyota Land Cruiser (VIN JTMCY7AJ8G4044191) and the Toyota Corolla (VIN 2T1BURHE6GC719285) transferred to Creditor as part of this settlement, as well as the $110,000 released from Trust to Creditor, from the $712,205.20 amount reflected in Creditor's Proof of Claim filed in the Bankruptcy Case. Creditor shall amend his Proof of Claim accordingly, once the transfer of $10,000, and payment of the Purchase Sum to the Trustee is completed.

As a further inducement to Settlement, the Creditor agrees that Proof of Claim 1-1 filed by T-Mobile in the amount of $848.95 shall be paid in full before the calculation of Creditor's distribution in this case.

E.    Creditor shall dismiss with prejudice its Complaint in the State Court Action solely as against Debtor (and not other named defendants in the State Court Action). Trustee, on behalf of Debtor, shall dismiss with prejudice the Counterclaim and Third Party Complaint in the State Court Action as against all parties named therein. The dismissal of these claims shall in no way impact Creditor's ability to continue litigating the State Court Action against all other named Defendants other than Debtor, or to amend its Complaint in the State Court Action to name additional parties other than Debtor. The Parties agree to mutually release each other of any and all claims and causes of actions, including the Preference and other causes of action under Chapter 5 of the Bankruptcy Code. However, the release shall not include a release of Creditor's allowed claim in the Debtor's bankruptcy case

16.     The foregoing provisions of the Settlement are included here for summary purposes only and not intended to constitute a full recitation of the terms of the Settlement. Accordingly, review of these selected terms or this Motion should not be a substitute for review of the complete Settlement.   A true and correct copy of the Settlement is attached hereto as **Exhibit "B."**

17.     Trustee has determined that the Settlement with the Creditor is in the best interests of the Estate based upon the time, cost and delay that would be incurred in pursuing the issues absent an amicable resolution.

### BASIS FOR RELIEF

18.     Bankruptcy Rule 9019 (a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[2]

19.     The "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.,* 98 F. 2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath,* 306 U.S. 636 (1939)).

20.     The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.,* 762 F.2d 189;

---

[2] *Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.*

*Cosoff v. Roddman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

21.     According to the Unites States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)     the probability of success in litigation;
(b)     the difficulties, if any, to be encountered in the matter of collection
(c)     the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d)     the paramount interest of the creditors and a proper defense to their reasonable views in the premises.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing,* 624 F.2d 602, quoted in *Arrow Air,* 85 B.R. 891.

22.     Based upon the above legal principals, the Trustee asserts that the proposed Settlement meets the standards set forth in *In re Justice* Oaks *II,* falls well above the lowest point of the range of reasonableness and should be approved.

### *Probability of success in litigation*

23.     This is a significant consideration that militates in favor of approval of the Settlement.

24.     In the State Court Action, the Creditor asserted five counts against the Debtor, including for declaratory judgment, conversion (two counts), unjust enrichment and equitable accounting. The Trustee has asserted claims to avoid the Transfer and to determine the validity, priority and extent of the Creditor's liens.

25.     While the Trustee remains confident in his legal positions, if the Trustee defended the State Court Action and prosecuted the counterclaim and third-party complaint, as well as pursued claim and avoidance litigation against the Creditor, it is likely that after payment of

administrative fees and costs, the benefit to the estate would not equal as much as what the Settlement proposes.  Furthermore, complex factual disputes abound in this litigation, and the Trustee is aware that there is no certainty that he will prevail in the State Court Action after the expenditure of additional estate funds and the delay of time associated with further litigation.

### *Collectability*

26.     Collectability does not appear to be a major factor relating to the Creditor because he has deposited the Funds in Trust at Iberia Bank, which are sufficient to cover the Trustee's asserted avoidance claim.

### *Complexity of litigation and attendant expense, inconvenience and delay*

27.     As detailed above, the State Court Action includes the Creditor's claims, the Trustee's Counterclaim, and the Trustee's Third Party Complaint. The issues involved in the State Court Action are fact intensive and subject to contentious dispute between the Parties.

28.     Furthermore, the Settlement obviates the need for the Parties to incur the expense and time delay associated with discovery, motion practice and a potential trial.  Absent the Settlement, the Trustee will have to spend significant additional resources to take and defend depositions, review voluminous documents, retain experts and prepare for trial and pre-trial motions.

### *Paramount interest of creditors*

29.     One of the significant benefits to Settlement is the immediate payment of $80,000.00 by the Creditor, which will bring immediate additional funds into the Estate. There are only two creditors who filed proofs of claim in this case:  the Creditor and T-Mobile.[3] The Creditor, pursuant to the Settlement, has agreed that the claim of T-Mobile would be paid in full before the calculation of Creditor's distribution in this case.

---

[3] The Claims Bar Date was February 15, 2018.

## CONCLUSION

30.    The Trustee recommends approval of the Settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

31.    Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as **Exhibit "C".**

WHEREFORE, the Trustee respectfully requests that this Court enter an order in the form attached hereto as Exhibit "C" (a) granting this Motion; (b) approving the terms of the Settlement described herein; and (c) granting any and all further relief as this Court deems appropriate under the circumstances.

Dated: August 23, 2018

MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.
101 NE Third Avenue, Suite 1210
Fort Lauderdale, Florida 33301
Tel:  (954) 767-0030
Fax:  (954) 767-0035

and

9130 S. Dadeland Blvd., Suite 1800
Miami, Florida 33156
Tel:  (305) 670-5000
Fax:   (305) 670-5011

By: /s/ John H. Lee
    Grace E. Robson, Esq.
    Fla. Bar No. 178063
    grobson@mrthlaw.com
    John H. Lee, Esq.
    Fla. Bar No. 91795
    jlee@mrthlaw.com

752841

**EXHIBIT "A"**
(Complaint filed in State Court Action)

Filing # 58643252 E-Filed 07/06/2017 10:42:14 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

COMPLEX BUSINESS LITIGATION DIVISION

CASE NO.: 2017-008305-CA-01 Div. 43

JOSMAR JOSE MARTINEZ OJEDA,
an individual,

      Plaintiff,

v.

TELMA ALVARADO and CARLOS
RIVERA, a married couple; TRI-
COUNTY TRUCKS SALES & EXPORT,
CORP., a Florida for-profit corporation,

      Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSMAR JOSE MARTINEZ OJEDA ("Ojeda" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, TELMA ALVARADO ("Alvarado") and CARLOS RIVERA ("Rivera"), a married couple, and TRI-COUNTY TRUCKS SALES & EXPORT, CORP. ("Tri-County," and, collectively with Alvarado and Rivera, referred to as "Defendants") and alleges upon information and belief as follows:

### I.  NATURE OF ACTION

1.    This is an action by Plaintiff, for damages and other relief arising from the Defendants' failure to return certain funds and property belonging to Plaintiff.  The action also stems from, but is not limited to, Alvarado and Rivera's conversion of shares of Tri-County, unjust enrichment (in the alternative), and breach of contract (in the alternative), as more fully set forth herein.  Succinctly, Tri-County is a corporation engaged in the business of purchasing,

1

refurbishing, and selling vehicles at auction, and both Alvarado and Rivera have effectively locked Plaintiff out of the company's management while asserting complete dominion over Tri-County's assets, many of which, in actuality, are assets belonging to Plaintiff and with which Alvarado and Rivera and/or Tri-County have absconded.

## II. PARTIES, JURISDICTION AND VENUE

2.      This is an action for equitable relief and for damages in excess of $15,000.00, exclusive of interest, costs and attorney's fees, and, as such, is within the Court's jurisdiction.

3.      Plaintiff, Ojeda, is over the age of eighteen (18) and is otherwise *sui juris*. Plaintiff is a citizen/resident of Venezuela.

4.      Defendant Alvarado is over the age of eighteen (18) and is otherwise *sui juris*. Alvarado is a resident of Miami-Dade County, Florida and operates businesses in Miami-Dade County, Florida.

5.      Defendant Rivera is over the age of eighteen (18) and is otherwise *sui juris*. Rivera is a resident of Miami-Dade County, Florida and operates businesses in Miami-Dade County, Florida.

6.      Alvarado and Rivera are a married couple.

7.      Defendant Tri-County is a Florida for-profit corporation with a principal place of business at 8914 NW 181st Street, Hialeah, Florida 33018.

8.      Accordingly, the Court has personal jurisdiction over all Defendants.

9.      The acts and omissions described herein and giving rise to this lawsuit occurred in Miami-Dade County, Florida.

10.     Venue is proper in this Circuit because Tri-County has its principal place of business in Miami-Dade County, the personal defendants reside in Miami-Dade County, and the acts and omissions complained of occurred in Miami-Dade County.

11.     All conditions precedent to the initiation and maintenance of this action have been satisfied, waived, excused, or performance would be futile.

12.     Plaintiff has been forced to retain the undersigned counsel to prosecute this action and has agreed to pay a reasonable attorney's fee and costs in connection with same.

### III.     GENERAL ALLEGATIONS

13.     In or about July of 2015, Plaintiff, Alvarado, and Rivera agreed to enter into a joint venture to purchase trucks and other automobiles at auction for the purpose of refurbishing and selling same.  To further this purpose, Tri-County was incorporated in September of 2015.  *See* **EXHIBIT A**, Articles of Incorporation.

14.     Plaintiff served as Vice-President of Tri-County from the company's inception[1] until, as detailed below, he was improperly expelled from the management of the entity by Alvarado and Rivera.

15.     Alvarado has been, and continues to be, President of Tri-County.

16.     The ownership of Tri-County has been –and is supposed to still be—split, with Plaintiff owning a fifty percent (50%) share and Alvarado and Rivera owning the other fifty percent (50%) share together.

17.     Tri-County has operated –and is supposed to operate—in a simple fashion: Plaintiff provides funds for purchase and refurbishment of vehicles.  The vehicles are/were

---

[1] Plaintiff was added as Vice-President of Tri-County in the records of the Florida Department of State, Division of Corporations on or about October 23, 2015. *See* attached **EXHIBIT B**.

purchased with Plaintiff's funds and titled to Tri-County as owner of the automobiles. Once a vehicle is sold by Tri-County, proceeds are utilized to pay back monies advanced by Plaintiff. Plaintiff, Alvarado, and Rivera then divide profits: fifty percent to Plaintiff, fifty percent to Alvarado and Rivera. This was and has been the agreement between Alvarado, Rivera, and Plaintiff.

18.    Plaintiff's role in the company and in the venture has thus been, in part, to provide capital (to be later repaid from sales), and Plaintiff has also historically been responsible for the actual purchases of vehicles from auction houses, selecting automobiles and bidding on them. Plaintiff has also coordinated with auction houses for the sale of vehicles by Tri-County, and he has also worked on exporting vehicles for sale in Venezuela.

19.    Additionally, Plaintiff has been involved with overseeing the expenses of Tri-County, ensuring that expenses reported by Alvarado and Rivera match receipts and invoices. Plaintiff has also been involved with overseeing Tri-County's corporate bank account since August of 2016, which ends in account numbers ▉▉▉▉ and is held at Bank of America. Plaintiff was even issued a business debit card for the Tri-County account, which he would use for making deposits of funds advanced by him for the purchase of vehicles (as well as their refurbishments).

20.    Upon information and belief, Plaintiff, Alvarado, and Rivera were, until recently, the only authorized signatories on the Tri-County corporate account.

21.    It was the routine practice of all the Parties that, once vehicles were sold, Plaintiff would receive a check for his share of profits, including the monies advanced by him.

22.    For their part, Alvarado and Rivera's involvement in Tri-County and in the venture was to facilitate local vehicle sales, aid in accounting and paperwork (such as automotive bills of

sale), spearhead vehicle repairs, and help manage Tri-County's accounting. Alvarado and Rivera also provided the lots upon which vehicles would be kept and repaired. Alvarado and Rivera have not contributed financially in any significant way.

*Defendants' Misconduct*

23.    On February 20, 2017, the Parties successfully sold vehicles and accessories at auction for $263,850.00, totaling $253,500.00 in net revenue after auctioneer fees. *See* **EXHIBIT C**. Also on said date, Plaintiff bid on $57,514.07 in vehicles and accessories at the same auction. *See* **EXHIBIT D**.

24.    The vehicles that Plaintiff bid on at the February 20th auction were not only for Tri-County but, rather, also for export to the business he owns in Venezuela, a car rental company. It was a common practice for Plaintiff to purchase cars at auction under the Tri-County account and subtract the purchase price from monies owed to him for advances to Tri-County and the venture. The February 20th auction was no exception, and such purchases by Plaintiff were known to Alvarado and Rivera, who authorized and agreed to same.

25.    As a result of the aforementioned sales by Tri-County on February 20th, a credit was applied by the auctioneer (Ritchie Bros., located at 700 Ritchie Road, Davenport, Florida 33897) for Tri-County's purchases, leaving approximately $180,178.00 to be sent in the name of Tri-County for vehicles and accessories that were sold. The entirety of these funds were to be paid to Plaintiff from the Tri-County corporate account as agreed and understood by the Parties. Although the check was titled to Tri-County by Ritchie Bros. because it was a Tri-County account that was used, the Parties understood this money to, in actuality, be Plaintiff's funds.

26.    On March 14, 2017, Ritchie Bros. issued check no. 80638287 in the name of Tri-County and in the amount of $180,178.00. Said check was deposited into the Tri-County

corporate account by Alvarado and/or Rivera on March 22, 2017. *See* photographs of the check and deposit slip –sent by Rivera to Plaintiff via the mobile phone application WhatsApp—attached at **EXHIBIT E**.

27.    The vehicles purchased by Plaintiff on February 20, 2017 were titled to Tri-County by Ritchie Bros.

28.    Unbeknownst to Plaintiff, on or about February 22, 2017, Alvarado and Rivera had agreed, without authority, to remove Plaintiff as an authorized signatory on the Tri-County corporate account.

29.    Plaintiff only learned that he had been removed from the Tri-County corporate account when he arrived at a Bank of America branch and was prevented from making a post-sale withdrawal of funds. The Bank of America representative at the branch informed Plaintiff at that time that, although he had been removed from the account, the $180,178.00 was still in the account.

30.    Worse, on February 22, 2017, **Alvarado and Rivera filed with the Florida Department of State, Division of Corporations an Amendment to Tri-County's Articles of Incorporation (herein "the Amendment") deleting Plaintiff as Vice-President and listing Alvarado as "President------100% Shares."** *See* **EXHIBIT** F.   Plaintiff discovered the Amendment via the Internet after he learned of his removal from the Tri-County corporate account.

31.    Alvarado and Rivera's motivation for the aforementioned actions is obvious: they hoped to lock out Plaintiff from Tri-County because they knew that, subsequent to the February 20th auction, nearly $200,000.00 of Plaintiff's funds, along with nearly $60,000 worth of vehicles and accessories paid for by Plaintiff and belonging to him, were to be delivered.

32.     The scheme to defraud Plaintiff of funds and vehicles is merely one instance of an on-going pattern and practice of self-dealing by Alvarado and Rivera to enrich themselves at the expense of Plaintiff.

33.     Alvarado and Rivera are in possession of a variety of vehicles purchased by Plaintiff that either have remained titled to Tri-County (when they should have been subsequently titled to Plaintiff) or have been titled illegitimately to Alvarado and/or Rivera. Attached as **EXHIBIT G** is a chart containing the Vehicle Identification Numbers, makes, models, and year of production of said vehicles.

34.     In March of 2017, after learning of their actions, Plaintiff confronted Alvarado and Rivera on several occasions, in person, over the phone, and through WhatsApp. Indeed, Plaintiff informed Alvarado and Rivera specifically as to his grievances: 1) that they are withholding his $180,178.00 by both refusing to deliver same and by improperly removing his authorization under the Tri-County corporate account (preventing withdrawal of the funds belonging to him), 2) that they are converting said monies and the vehicles at issue by refusing to deliver same and keeping same, 3) that they are simply absconding with funds belonging to Plaintiff, as well as vehicles purchased with Plaintiff's funds that belong to Plaintiff.

35.     Although Plaintiff demanded that Alvarado and Rivera cease their inappropriate conduct and give to Plaintiff funds and vehicles that belong to him and not any Defendant, Alvarado and Rivera rejected Plaintiff's demands, both orally and in writing, including by threatening Plaintiff with a restraining order.

36.     Alvarado and Rivera's actions continue to harm Plaintiff.

37.    Plaintiff has sent Alvarado and Rivera a civil theft demand letter pursuant to Fla. Stat. Sec. 772.11 and reserves the right to amend the instant Complaint to include such a cause of action.

38.    Plaintiff has engaged the law firm of Espinosa Martinez, P.L. to represent him in this action and is obligated to pay a reasonable fee for services rendered.

39.    All conditions precedent to bringing this action have occurred, have been performed or have otherwise been waived.

## COUNT I
## DECLARATORY ACTION – OWNERSHIP OF TRI-COUNTY
### (Against Alvarado and Rivera)

40.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.    This is a claim for Declaratory Judgment and other relief pursuant to Chapter 86, Florida Statutes, as to Plaintiff's ownership interests in Tri-County.

42.    Plaintiff, Alvarado, and Rivera entered into an agreement wherein Plaintiff would own fifty percent (50%) of the shares of Tri-County, and Alvarado and Rivera would own the other fifty percent (50%).

43.    As detailed *supra*, Alvarado and Rivera have effectively taken control of Tri-County despite Plaintiff's ownership interests and the agreements between the parties.

44.    Additionally, as discussed above, Alvarado and Rivera's reprehensible conduct is harming and has harmed Plaintiff.  Such harm would not have occurred and would not be occurring but for the actions of Alvarado and Rivera.

8

45.     Plaintiff has made countless attempts to cause Alvarado and Rivera to perform their duties under the agreement between the parties but Alvarado and Rivera continue to refuse to perform.

46.     There is a present bona fide, actual and present need for declaration of Plaintiff's rights in Tri-County.

47.     There exists a present, ascertainable state of facts and present controversy as to the underlying facts of this action, as well as actions taken by Alvarado and Rivera.

48.     The privileges or rights of Plaintiff are dependent upon the facts or law applicable to the facts and/or representations and statements made by Alvarado and Rivera.

49.     Alvarado and Rivera, pursuant to their actions and statements, have an actual, present and antagonistic interest in the subject matter, either in law or fact.

50.     The parties' adverse interests are all before the Court, and the relief sought is not merely the giving of legal advice by this Court or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiff JOSMAR JOSE MARTINEZ OJEDA respectfully requests this Court enter judgment against Defendants TELMA ALVARADO ("Alvarado") and CARLOS RIVERA ("Rivera"), declaring that Plaintiff is a fifty percent owner of Tri-County, and further ordering any other relief that is just and proper, including attorneys' fees and costs.

## COUNT II
## DECLARATORY ACTION – OWNERSHIP OF FUNDS AND VEHICLES
### (Against Alvarado and Rivera and also against Tri-County)

51.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

52.     This is a claim for Declaratory Judgment and other relief pursuant to Chapter 86, Florida Statutes, as to Plaintiff's ownership interests in funds deposited into the corporate bank account of Tri-County on March 22, 2017 in the amount of $180,178.00, as well as the vehicles listed on the attached **EXHIBIT G**.

53.     Plaintiff, Alvarado, and Rivera entered into an agreement wherein Plaintiff would own fifty percent (50%) of the shares of Tri-County, and Alvarado and Rivera would own the other fifty percent (50%).

54.     As detailed *supra*, Alvarado and Rivera have effectively taken control of Tri-County despite Plaintiff's ownership interests and the agreements between the parties.

55.     But for Alvarado and Rivera's conduct, Plaintiff would continue aiding in the day-to-day management of Tri-County.

56.     Additionally, as discussed above, Alvarado and Rivera's reprehensible conduct is harming and has harmed Plaintiff.  Such harm would not have occurred and would not be occurring but for the actions of Alvarado and Rivera.

57.     Tri-County and/or Alvarado and/or Rivera is in possession of vehicles and funds that belong to Plaintiff, that Plaintiff is entitled to, and that should be given to Plaintiff.

58.     Plaintiff has made countless attempts to cause Alvarado, Rivera, and Tri-County to deliver to Plaintiff the funds and vehicles that belong to him and that he is entitled to, and such attempts continue to fail.

59.     There is a present bona fide, actual and present need for declaration of Plaintiff's rights in the aforementioned funds and the relevant vehicles.

60.    There exists a present, ascertainable state of facts and present controversy as to the underlying facts of this action, as well as actions taken by Alvarado and Rivera, as well as by Tri-County.

61.    The privileges or rights of Plaintiff are dependent upon the facts or law applicable to the facts and/or representations and statements made by Alvarado, Rivera, and Tri-County.

62.    Alvarado, Rivera, and Tri-County pursuant to their actions, statements, and inactions, have an actual, present and antagonistic interest in the subject matter, either in law or fact.

63.    The parties' adverse interests are all before the Court, and the relief sought is not merely the giving of legal advice by this Court of the answer to questions propounded from curiosity.

WHEREFORE, Plaintiff JOSMAR JOSE MARTINEZ OJEDA respectfully requests this Court enter judgment against Defendants TELMA ALVARADO and CARLOS RIVERA, as well as against TRI-COUNTY TRUCKS SALES & EXPORT, CORP., declaring that Plaintiff is the owner of the $180,178.00 funds deposited into the Tri-County corporate account on March 22, 2017 as well as particular vehicles listed on **EXHIBIT G**, and also award Plaintiff any other relief that is just and proper, including attorneys' fees and costs.

### COUNT III
### CONVERSION - FUNDS
### (Against Alvarado, Rivera, and Tri-County)

64.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

65.    Alvarado, Rivera, and/or Tri-County are in possession of funds belonging to Plaintiff. The funds referenced are the $180,178.00 deposited on March 22, 2017 into the Tri-County corporate account.

66.    The $180,178.00 sent via check by Ritchie Bros. was, specifically and particularly, Plaintiff's money, said check being issued in the name of Tri-County only because Plaintiff, Alvarado, and Rivera all utilized one account at Ritchie Bros. –listed in the name of Tri-County—for both Tri-County and personal business. Said check was supposed to be deposited solely so Plaintiff could withdraw the funds from the Tri-County account, and neither Alvarado, Rivera, or Tri-County had or have any claim of right over the funds sent by Ritchie Bros.

67.    Plaintiff has demanded the return of all funds and property improperly taken and retained by Alvarado, Rivera, and/or Tri-County.

68.    Alvarado, Rivera, and/or Tri-County have interfered with the dominion and control of funds belonging to Plaintiff, as set forth above.

69.    Such interference by Alvarado, Rivera, and/or Tri-County has caused damage to Plaintiff, and the actions of Alvarado, Rivera, and/or Tri-County are the direct and proximate result of such damage to Plaintiff.

WHEREFORE, Plaintiff JOSMAR JOSE MARTINEZ OJEDA demands judgment against Defendants TELMA ALVARADO, CARLOS RIVERA, and TRI-COUNTY, jointly and severally, in the amount of $180,178.00 plus all interests (including pre- and post-judgment interest), costs, and attorney's fees. Plaintiff also prays for any and all other relief that the Court determines is just and proper.

## COUNT IV
## CONVERSION - VEHICLES
### (Against Alvarado, Rivera, and Tri-County)

70.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

71.    Alvarado and/or Rivera and/or Tri-County are in possession of vehicles belonging to Plaintiff. The vehicles referenced are listed on the attached **EXHIBIT G**.

72.    Although vehicles listed at **EXHIBIT G** are titled in the name of Tri-County after their purchase from Ritchie Bros. auctions, this is merely the result of the fact that Plaintiff, Alvarado, and Rivera all utilized one account at Ritchie Bros. –listed in the name of Tri-County—for both Tri-County and personal business, prompting Ritchie Bros. to issue titles in the name of Tri-County when, in actuality, cars were purchased by and through Plaintiff for Plaintiff's ownership and not the ownership of Alvarado, Rivera, and/or Tri-County.

73.    Plaintiff has demanded the return of all vehicles and property improperly taken and retained by Alvarado and/or Rivera and/or Tri-County.

74.    Alvarado and/or Rivera and/or Tri-County have interfered with the dominion and control of vehicles belonging to Plaintiff, as set forth above.

75.    Such interference by Alvarado and/or Rivera and/or Tri-County has caused damage to Plaintiff, and the actions of Alvarado and/or Rivera and/or Tri-County are the direct and proximate result of such damage to Plaintiff.

WHEREFORE, Plaintiff JOSMAR JOSE MARTINEZ OJEDA demands judgment against Defendants TELMA ALVARADO and CARLOS RIVERA, as well as against TRI-COUNTY TRUCKS SALES & EXPORT, CORP., all jointly and severally, in an amount equal to the fair market value of the corresponding vehicles (including pre- and post-judgment

interest), costs, and attorney's fees. Plaintiff also prays for any and all other relief that the Court determines is just and proper.

**COUNT V**
**CONVERSION – SHARES**
**(Against Alvarado and Rivera)**

76.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

77.    Alvarado and Rivera are both in possession of shares of Tri-County stock that belong to Plaintiff.

78.    On June 23, 2017, Defendants, by and through their counsel in this matter, filed a document which states that, "as evidenced by the Stock Certificate…the Defendant Telma Alvarado owns 100% of all of Tri-County's stock."

79.    Defendants' statement in the aforementioned filing, along with the spurious Stock Certificate attached thereto and also attached herein as **EXHIBIT H**, evinces that Defendants are indeed in possession of shares of Tri-County stock that belong to Plaintiff as Plaintiff is half owner of Tri-County.

80.    Despite the statement in the June 23rd filing that Defendant Alvarado owns all shares of Tri-County, both Alvarado and Rivera are in possession of shares of Tri-County stock that belong to Plaintiff.

81.    Alvarado and Rivera have interfered with the dominion and control of shares belonging to Plaintiff, as set forth above.

82.    Such interference by Alvarado and Rivera has caused damage to Plaintiff, and the actions of Alvarado and Rivera are the direct and proximate result of such damage to Plaintiff.

WHEREFORE, Plaintiff JOSMAR JOSE MARTINEZ OJEDA demands judgment against Defendants TELMA ALVARADO and CARLOS RIVERA, jointly and severally, in an amount equal to the fair market value of the corresponding shares of TRI-COUNTY TRUCKS SALES & EXPORT, CORP. (including pre- and post-judgment interest), costs, and attorney's fees. Plaintiff also prays for any and all other relief that the Court determines is just and proper.

### COUNT VI
### UNJUST ENRICHMENT
**(Pled in the Alternative and against all Defendants)**

83.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

84.    This is an action for Unjust Enrichment and is plead in the alternative.

85.    Plaintiff conferred a substantial benefit to Defendants by providing advances and funds to be utilized by Defendants in the course of Tri-County's business and the venture with Alvarado and Rivera.

86.    Defendants voluntarily accepted and retained the benefits conferred by Plaintiff, including the $180,178.00 and the vehicles paid for by Plaintiff and with Plaintiff's funds (listed at **EXHIBIT G**).

87.    These same Defendants have failed and continue to refuse to pay Plaintiff for these benefits requested, received, and accepted from Plaintiff.

88.    These Defendants benefitted unjustly and at Plaintiff's expense by receiving funds and vehicles from Plaintiff which they were not entitled to.

89.    The circumstances are such that it would be inequitable for said Defendants to retain the benefits conferred by Plaintiff without paying Plaintiff for the substantial value conferred.

90. Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff JOSMAR JOSE MARTINEZ OJEDA demands judgment against Defendants TELMA ALVARADO and CARLOS RIVERA, as well as against TRI-COUNTY TRUCKS SALES & EXPORT, CORP., all jointly and severally, in the amount of $180,178.00 in addition to an amount equal to the fair market value of the corresponding vehicles and shares plus all interests (including pre- and post-judgment interest), costs, and attorney's fees. Plaintiff also prays for any and all other relief that the Court determines is just and proper.

### COUNT VII
### BREACH OF CONTRACT
#### (Pled in the Alternative and against Alvarado and Rivera)

91. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

92. Plaintiff had an agreement with Alvarado and Rivera to create and jointly manage Tri-County's day-to-day operations in furtherance and pursuant to the following business plan/model: 1) Plaintiff provides funds for purchase and refurbishment of vehicles, 2) vehicles are/were purchased with Plaintiff's funds and titled to Tri-County as owner of the automobiles, 3) once a vehicle is sold by Tri-County, proceeds are utilized to pay back monies advanced and provided by Plaintiff, and 4) Plaintiff, Alvarado, and Rivera then divide profits: fifty percent to Plaintiff, fifty percent to Alvarado and Rivera.

93. At bottom, the agreement with Alvarado and Rivera was that if Plaintiff provided funds in furtherance of the business of Tri-County, Plaintiff's would allow him to participate in the day-to-day management of the company, and they would allow him to be paid profits

received by Tri-County and to take withdrawals of monies meant to be paid to him (not Tri-County) directly from the Tri-County Bank of America account.

94.    Alvarado and Rivera have breached the agreement by interfering with Plaintiff's management in the day-to-day operations of Tri-County and preventing his access to funds and vehicles belonging to him, as more specifically set forth below.

95.    Unbeknownst to Plaintiff, on or about February 22, 2017, Alvarado and Rivera had agreed to remove Plaintiff as an authorized signatory on the Tri-County corporate account.

96.    On February 22, 2017, **Alvarado and Rivera filed with the Florida Department of State, Division of Corporations an Amendment to Tri-County's Articles of Incorporation (herein "the Amendment") deleting Plaintiff as Vice-President and listing Alvarado as "President------100% Shares."** *See* **EXHIBIT F**. Plaintiff discovered the Amendment via the Internet after he learned of his removal from the Tri-County corporate account.

97.    Alvarado and Rivera have also barred Plaintiff from having access to vehicles paid for by him, and they have also breached the agreement with Plaintiff by failing to take his funds belonging to him.

98.    Plaintiff has been damaged by Alvarado and Rivera's breach to the tune of $180,178.00 and the amounts paid for by Plaintiff for the vehicles listed at **EXHIBIT G**.

WHEREFORE, Plaintiff JOSMAR JOSE MARTINEZ OJEDA demands judgment against Defendants TELMA ALVARADO and CARLOS RIVERA, jointly and severally, in the amount of $180,178.00 in addition to an amount equal to the fair market value of the corresponding vehicles and shares, interests (including pre- and post-judgment interest), costs, and attorney's fees. Plaintiff also prays for any and all other relief that the Court determines is just and proper.

## COUNT VIII
## ACTION FOR EQUITABLE ACCOUNTING
### (Against Alvarado and Rivera and against Tri-County)

99.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein.

100.    Plaintiff is a shareholder of Tri-County, owning a fifty percent (50%) share.

101.    Plaintiff's compensation as shareholder of Tri-County is based upon profits generated by Tri-County from the sale of vehicles. The profits to be paid and that previously have been paid to Plaintiff are fifty percent (50%) of net profits.

102.    Alvarado and Rivera are in possession of the records of Tri-County, and it is from these records that Plaintiff can determine what amount he is due from Tri-County profits. Additionally, Alvarado, Rivera, and Tri-County are in possession of vehicles that belong to Plaintiff, as previously discussed *supra*.

103.    An accounting of Tri-County is inherently complex due to differing streams of payments flowing in and out of the company on matters ranging from purchase of vehicles from third parties, payment of expenses pertaining to repair of vehicles, sales of vehicles, divisions of profit between shareholders, taxes paid, and payments made to independent contractors such as mechanics.

104.    It is not clear that the remedy at law is as full, adequate and expeditious as it is in equity. An accounting is especially appropriate given the dubious nature of Alvarado and Rivera's conduct.

105.    Plaintiff has no other adequate remedy than to obtain the relief requested, especially given that Alvarado, Rivera, and Tri-County are in possession of funds and vehicles belonging to Plaintiff, as well as Tri-County records. The relief is also appropriate given that

Alvarado and Rivera have retracted Plaintiff's authority to view the Tri-County corporate account.

106. The relationship between the parties also involves extensive or complicated accounts due to the amount and number of transactions and the manner in which Plaintiff advanced funds for the business of Tri-County.

107. As stated, it is unclear whether a remedy at law is as full, adequate and expeditious as it is in equity.

WHEREFORE, Plaintiff JOSMAR JOSE MARTINEZ OJEDA prays the Court order an accounting of TRI-COUNTY TRUCKS SALES & EXPORT, CORP., as well as any other relief that is just and proper.

Respectfully submitted,
**ESPINOSA MARTINEZ, PL**
1428 Brickell Avenue, Suite 100
Miami, FL 33131
Phone: (305) 854-0900
Facsimile: (855) 854-0900
E-mail: emartinez@etlaw.com
E-mail: rjimenez@etlaw.com
E-mail: zsanchez@etlaw.com
E-mail: service@etlaw.com
By:____/s/ Elio F. Martinez____
       ELIO F. MARTINEZ, Jr.
       Florida Bar No. 501158
       ROBERT R. JIMENEZ
       Florida Bar No. 72020

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via

email on this 6th day of July 2017 upon:

Christian E. Rodriguez, Esq.
Trembly Law Firm
9700 S. Dixie Highway, Suite 680
Miami, Florida  33156
christian@tremblylaw.com
service@tremblylaw.com
*Attorneys for Defendants*

Complex Business Litigation Section
CLB43@jud11.flcourts.org

                              */s/ Elio F. Martinez*
                              Elio F. Martinez

Exhibit "A"

# Electronic Articles of Incorporation
# For

P15000073721
FILED
September 02, 2015
Sec. Of State
vherring

TRI-COUNTY TRUCKS SALES & EXPORT, CORP.

The undersigned incorporator, for the purpose of forming a Florida
profit corporation, hereby adopts the following Articles of Incorporation:

## Article I

The name of the corporation is:

TRI-COUNTY TRUCKS SALES & EXPORT, CORP.

## Article II

The principal place of business address:

8914 NW 181ST ST
HIALEAH, FL. US 33018

The mailing address of the corporation is:

8914 NW 181ST ST
HIALEAH, FL. US 33018

## Article III

The purpose for which this corporation is organized is:

ANY AND ALL LAWFUL BUSINESS.

## Article IV

The number of shares the corporation is authorized to issue is:

100

## Article V

The name and Florida street address of the registered agent is:

TELMA L ALVARADO
8914 NW 181ST ST
HIALEAH, FL. 33018

I certify that I am familiar with and accept the responsibilities of
registered agent.

Registered Agent Signature:   TELMA L ALVARADO

P15000073721
FILED
September 02, 2015
Sec. Of State
vherring

## Article VI

The name and address of the incorporator is:

TELMA L ALVARADO
8914 NW 181ST ST

HIALEAH, FL 33018

Electronic Signature of Incorporator:   TELMA L ALVARADO

I am the incorporator submitting these Articles of Incorporation and affirm that the facts stated herein are true.  I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S.  I understand the requirement to file an annual report between January 1st and May 1st in the calendar year following formation of this corporation and every year thereafter to maintain "active" status.

## Article VII

The initial officer(s) and/or director(s) of the corporation is/are:

Title:  P
TELMA L ALVARADO
8914 NW 181ST ST
HIALEAH, FL.  33018  US

## Article VIII

The effective date for this corporation shall be:

09/02/2015

Exhibit "B"



From: Sander Perez    Fax: (305) 591 2390    To: 8606176380@cfax.com Fax: +18506176380    Page 2 of 2    10/23/2015 1:20 PM    Page 1 of 2

## Florida Department of State
### Division of Corporations
### Electronic Filing Cover Sheet

Note: Please print this page and use it as a cover sheet. Type the fax audit number (shown below) on the top and bottom of all pages of the document.

(((H15000253553 3)))



H150002535533ABC3

Note: DO NOT hit the REFRESH/RELOAD button on your browser from this page. Doing so will generate another cover sheet.

```
To:         Division of Corporations
            Fax Number    : (850)617-6380

From:
            Account Name   : DEALER CONSULTING SERVICES, INC.
            Account Number : I20010000121
            Phone          : (305)758-9001
            Fax Number     : (888)501-2390
```

**Enter the email address for this business entity to be used for future annual report mailings. Enter only one email address please.**

Email Address: CORPORATIONS@DCSMIAMI.COM

## COR AMND/RESTATE/CORRECT OR O/D RESIGN
## TRI-COUNTY TRUCKS SALES & EXPORT, CORP.

| | |
|---|---|
| Certificate of Status | 0 |
| Certified Copy | 0 |
| Page Count | 01 |
| Estimated Charge | $35.00 |

Electronic Filing Menu        Corporate Filing Menu        Help



From: Sandra Perez      Fax: (888) 501-2380      To: 9508178380@rcfav.com Fax: +18508178380      Page 4 of 9 10/23/2015 1:20 PM
((((P15000253353 3))))

## COVER LETTER

**TO:** Amendment Section
Division of Corporations

**NAME OF CORPORATION:** TRI-COUNTY TRUCKS SALES & EXPORT, CORP.

**DOCUMENT NUMBER:** P15000073721

The enclosed *Articles of Amendment* and fee are submitted for filing.

Please return all correspondence concerning this matter to the following:

Janixa Ramos

Name of Contact Person

Dealer Consulting Services, Inc.

Firm/ Company

7537 NW 7th Avenue

Address

Miami, FL 33150

City/ State and Zip Code

corporations@dcsmiami.com

E-mail address: (to be used for future annual report notification)

For further information concerning this matter, please call:

Janixa Ramos                at ( 305 ) 758-9001

Name of Contact Person                Area Code & Daytime Telephone Number

Enclosed is a check for the following amount made payable to the Florida Department of State:

☒ $35 Filing Fee      ☐ $43.75 Filing Fee &      ☐ $43.75 Filing Fee &      ☐ $52.50 Filing Fee
                          Certificate of Status          Certified Copy              Certificate of Status
                                                      (Additional copy is          Certified Copy
                                                      enclosed)                    (Additional Copy
                                                                                  is enclosed)

**Mailing Address**                    **Street Address**
Amendment Section                     Amendment Section
Division of Corporations              Division of Corporations
P.O. Box 6327                         Clifton Building
Tallahassee, FL 32314                 2661 Executive Center Circle
                                      Tallahassee, FL 32301

From: Sandra Perez     Fax: (888) 501-2390          To: 8606176380@rcfay.com Fax: +18606176380          Page 5 of 8  10/23/2015 1:20 PM

((( H15000253553 3 )))

## Articles of Amendment
### to
### Articles of Incorporation
### of

**TRI-COUNTY TRUCKS SALES & EXPORT, CORP.**

_(Name of Corporation as currently filed with the Florida Dept. of State)_

P15000073721

_(Document Number of Corporation (if known))_

Pursuant to the provisions of section 607.1006, Florida Statutes, this _Florida Profit Corporation_ adopts the following amendment(s) to its Articles of Incorporation:

**A. If amending name, enter the new name of the corporation:**

_____ _The new name must be distinguishable and contain the word "corporation," "company," or "incorporated" or the abbreviation "Corp.," "Inc.," or Co.," or the designation "Corp," "Inc," or "Co". A professional corporation name must contain the word "chartered," "professional association," or the abbreviation "P.A."_

**B. Enter new principal office address, if applicable:**
_(Principal office address **MUST BE A STREET ADDRESS** )_

_____

_____

_____

**C. Enter new mailing address, if applicable:**
_(Mailing address **MAY BE A POST OFFICE BOX**)_

_____

_____

_____

**D. If amending the registered agent and/or registered office address in Florida, enter the name of the new registered agent and/or the new registered office address:**

_Name of New Registered Agent_ _____

_____
_(Florida street address)_

_New Registered Office Address:_ _____, Florida _____
                                          _(City)_                          _(Zip Code)_

**New Registered Agent's Signature, if changing Registered Agent:**
_I hereby accept the appointment as registered agent.   I am familiar with and accept the obligations of the position._

_____
_Signature of New Registered Agent, if changing_

If amending the Officers and/or Directors, enter the title and name of each officer/director being removed and title, name, and address of each Officer and/or Director being added:

*(Attach additional sheets, if necessary)*

*Please note the officer/director title by the first letter of the office title:*

*P = President; V= Vice President; T= Treasurer; S= Secretary; D= Director; TR= Trustee; C = Chairman or Clerk; CEO = Chief Executive Officer; CFO = Chief Financial Officer. If an officer/director holds more than one title, list the first letter of each office held. President, Treasurer, Director would be PTD.*

*Changes should be noted in the following manner.  Currently John Doe is listed as the PST and Mike Jones is listed as the V. There is a change, Mike Jones leaves the corporation, Sally Smith is named the V and S. These should be noted as John Doe, PT as a Change, Mike Jones, V as Remove, and Sally Smith, SV as an Add.*

**Example:**

| X Change | PT | John Doe |
|----------|----|----------|
| X Remove | V  | Mike Jones |
| X Add    | SV | Sally Smith |

| Type of Action (Check One) | Title | Name | Address |
|---|---|---|---|
| 1) ____ Change  **X** Add  ____ Remove | VP | Jasmar Jose Martinez Ojeda | 8914 NW 181ST ST  HIALEAH, FL 33018 |
| 2) ____ Change  ____ Add  ____ Remove | | | |
| 3 ) ____ Change  ____ Add  ____ Remove | | | |
| 4) ____ Change  ____ Add  ____ Remove | | | |
| 5) ____ Change  ____ Add  ____ Remove | | | |
| 6) ____ Change  ____ Add  ____ Remove | | | |

**E.  If amending or adding additional Articles, enter change(s) here:**
   (Attach *additional sheets, if necessary).    (Be specific)*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**F.  If an amendment provides for an exchange, reclassification, or cancellation of issued shares,
     provisions for implementing the amendment if not contained in the amendment itself:**
          *(If not applicable, indicate N/A)*

_____

_____

_____

_____

_____

_____

_____

From: Sandra Perez      Fax: (889) 901-2390          To: 8506176380@rcfax.com Fax:; +18506176380                Page 8 of 8  10/23/2015 1:20 PM

(((H15000253553 3)))

The date of each amendment(s) adoption: _____, if other than the
date this document was signed.

Effective date if applicable: _____
                                        *(no more than 90 days after amendment file date)*

Note:  If the date inserted in this block does not meet the applicable statutory filing requirements, this date will not be listed as the
document's effective date on the Department of State's records.

Adoption of Amendment(s)              **(CHECK ONE)**

☒ The amendment(s) was/were adopted by the shareholders.  The number of votes cast for the amendment(s)
   by the shareholders was/were sufficient for approval.

☐ The amendment(s) was/were approved by the shareholders through voting groups.. *The following statement
   must be separately provided for each voting group entitled to vote separately on the amendment(s):*

   "The number of votes cast for the amendment(s) was/were sufficient for approval

   by _____."
                          *(voting group)*

☐ The amendment(s) was/were adopted by the board of directors without shareholder action and shareholder
   action was not required.

☐ The amendment(s) was/were adopted by the incorporators without shareholder action and shareholder
   action was not required.

Dated_____10/19/2015_____

Signature_____
              (By a director, president or other officer – if directors or officers have not been
              selected, by an incorporator – if in the hands of a receiver, trustee, or other court
              appointed fiduciary by that fiduciary)

              TELMA L ALVARADO
              _____
                   (Typed or printed name of person signing)

              President
              _____
                        (Title of person signing)

Page 4 of 4

# Exhibit "C"

**rb**

Print Date: 2017/02/24
Print Time: 15:28

### Owner's Detail Report
### M07

Sale Information:

**Orlando**
2017/02/20
2017101

| Owner | M07 | Tri County Truck Sales & Export Corp | | Carlos Alvarado |
|---|---|---|---|---|

8914 NW 181 St
Miami FL, USA 33018

Phone:    786 4026345
Fax:
JOSH REYES

| Lot | Scd | Description | S/N | Sold Price | Buyer |
|---|---|---|---|---|---|
| 3840 | 3 | Chevrolet 3500HD  Utility Truck | 3GBKC34G71M108062 | 3,000.00 * | 2054 |
| 4009 | 9 | 2011 International Prostar+122  Dump Truck (Tri/A) | 3HSDGSJN9BN369282 | 51,000.00 * | 1493 |
| 4010 | 11 | 2011 International 8600SBA Transtar  Dump Truck (Tri/A) | 1HSHWSHN7BJ363431 | 43,000.00 * | 674 |
| 4014 | 10 | 2009 Mack CXU612  Dump Truck (Tri/A) | 1M1AW01XX9N001428 | 0.00 * | 7 |
| 4014A | 24 | 2009 Mack CXU612  Dump Truck (Tri/A) | 1M1AW01X89N001458 | 27,000.00 * | 2054 |
| 4089 | 12 | 2002 International 9400I  Dump Truck (Tri/A) | 2HSCNAER32C041270 | 26,000.00 * | 2829 |
| 5041 | 8 | Mack CX613  Truck Tractor (T/A) | 1M1AE05Y64N018239 | 13,000.00 * | 962 |
| 5091 | 7 | Mack CH612  Truck Tractor (T/A) | 1M1AA09Y9XW016702 | 7,500.00 * | 2933 |
| 5093 | 4 | Mack CH613  Truck Tractor (T/A) | 1M1AA12Y7WW091414 | 6,000.00 * | 2054 |
| 5150 | 1 | 2012 Freightliner PX125064ST Cascadia Sleeper  Truck Tractor (T/A) | 1FUJGLDR6CLBH9794 | 27,000.00 * | 1369 |
| 5153 | 5 | 2012 Freightliner PX125064ST Cascadia Sleeper  Truck Tractor (T/A) | 1FUJGLDR6CSBE2797 | 20,000.00 * | 1541 |
| 5165 | 2 | 2011 Freightliner PX125064ST Cascadia Sleeper  Truck Tractor (T/A) | 1FUJGLBG2BSAW8931 | 26,000.00 * | 3475 |
| 5802 | 6 | Utility VS2RA 53 Ft x 102 In, T/A  Reefer Trailer<br>Owner EQ ID: 5307 | 1UYVS25351U501024 | 4,000.00 * | 77814 |
| 13301 | 13 | Qty Of Linglong 445/65R22.5  Tire (Unused) | | 900.00 | 27360 |
| 13302 | 14 | Qty Of Linglong 445/65R22.5  Tire (Unused) | | 900.00 | 129 |
| 13303 | 15 | Qty Of Linglong 445/65R22.5  Tire (Unused) | | 900.00 | 27360 |
| 13304 | 16 | Qty Of Linglong 445/65R22.5  Tire (Unused) | | 850.00 | 1827 |
| 13305 | 17 | Qty Of Linglong 445/65R22.5  Tire (Unused) | | 950.00 | 27360 |
| 13306 | 18 | Qty Of Linglong 445/65R22.5  Tire (Unused) | | 950.00 | 4072 |

Page: 1

Copyright© This document contains confidential proprietary information and is intended only solely for the use of Ritchie Bros. Auctioneers. Any unauthorized use is strictly prohibited.

**rb**

Print Date: 2017/02/24
Print Time: 15:28

**Owner's Detail Report**

**M07**

Sale Information:

**Orlando**
**2017/02/20**
**2017101**

| Lot | Scd | Description | S/N | Sold Price | Buyer |
|-----|-----|-------------|-----|-----------|-------|
| 13536 | 20 | Qty Of 24 In. Aluminum Rim (Unused) | | 1,300.00 | 1431 |
| 13537 | 21 | Qty Of 24 In. Aluminum Rim (Unused) | | 1,200.00 | 34219 |
| 13538 | 22 | Qty Of 24 In. Aluminum Rim (Unused) | | 1,200.00 | 22736 |
| 13539 | 23 | Qty Of 24 In. Aluminum Rim (Unused) | | 1,200.00 | 1431 |

| | | |
|---|---|---|
| **Total for this Owner** | | **263,850.00** |

| | | | |
|---|---|---|---|
| Lots subject to documentation fee | 12 X   65.00   . . . . . . . . . . . . | 780.00 | |
| Proceeds of Lots sold for 2,500.00 or less | . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10,350.00 | |
| Proceeds of Lots sold for more than  2,500.00 | . . . . . . . . . . . . . . . . . . . . . . . . . | 253,500.00 | |

**All amounts stated in  USD**

Copyright© This document contains confidential proprietary information and is intended only solely for the use of Ritchie Bros. Auctioneers.
Any unauthorized use is strictly prohibited.

# Exhibit "D"

# rb RITCHIE BROS.
### Auctioneers

**INVOICE**

Auction number: 2017101
Auction date: 2017/02/20

# 201710102056
Date: 2017/02/24

Ritchie Bros Auctioneers (America) Inc
4000 Pine Lake Road
Lincoln, NE, USA 68516
Tel: 1 (402) 421-3631  Fax: 1 (402) 421-1738
www.rbauction.com

Auction location:  Orlando, FL, USA
700 Ritchie Road
Davenport, FL USA 33897
Tel: 1 (863) 420-9919  Fax: 1 (863) 420-2447

Sold to:   TRI COUNTY TRUCKS SALES & EXPORT CORP*
8914 NW 181 ST ST
HIALEAH, FL USA 330186558

Buyer number:  **2056**
Contact name:   JOSMAR MARTINEZ
Customer number:  9285311
Tel: 1 (786) 253-8165   Fax:

| Lot No. | Description | Price | Tax1 | Tax2 | Tax3 | USD Total |
|---|---|---|---|---|---|---|
| 3121 | 2011 International 4300SBA Durastar S/A Van Truck  s/n: 1HTMMAAM7BH283081 | 12,000.00 | | 770.00 | | 12,770.00* |
| | Administrative Fees (On Lots  > 2,500 ) | 300.00 | | 21.00 | | 321.00 |
| | Doc Admin Fees | 100.00 | | | | 100.00 |
| | Sub Totals | 12,400.00 | | 791.00 | | 13,191.00 |
| 3123 | 2011 International 4300SBA Durastar S/A Van Truck  s/n: 1HTMMAAM7BH283338 | 12,000.00 | | 770.00 | | 12,770.00* |
| | Administrative Fees (On Lots  > 2,500 ) | 300.00 | | 21.00 | | 321.00 |
| | Doc Admin Fees | 100.00 | | | | 100.00 |
| | Sub Totals | 12,400.00 | | 791.00 | | 13,191.00 |
| 4875 | 2007 International 4300 Durastar S/A Type I Ambulance  s/n: 1HTMNAAM67H415932 | 8,500.00 | | 560.00 | | 9,060.00* |
| | Administrative Fees (On Lots  > 2,500 ) | 212.50 | | 14.87 | | 227.37 |
| | Doc Admin Fees | 100.00 | | | | 100.00 |
| | Sub Totals | 8,812.50 | | 574.87 | | 9,387.37 |
| 5378 | 2006 Volvo VNL Truck Tractor (S/A)  s/n: 4V4N19TG16N422052 | 7,000.00 | | 470.00 | | 7,470.00* |
| | Administrative Fees (On Lots  > 2,500 ) | 175.00 | | 12.25 | | 187.25 |
| | Doc Admin Fees | 100.00 | | | | 100.00 |
| | Sub Totals | 7,275.00 | | 482.25 | | 7,757.25 |
| 5380 | 2004 Kenworth T800 Truck Tractor (S/A)  s/n: 3WKDA48X94F054638 | 11,000.00 | | 710.00 | | 11,710.00* |
| | Administrative Fees (On Lots  > 2,500 ) | 275.00 | | 19.25 | | 294.25 |
| | Doc Admin Fees | 100.00 | | | | 100.00 |
| | Sub Totals | 11,375.00 | | 729.25 | | 12,104.25 |
| 13314 | Qty Of Kaspen 11R22.5 Tires | 1,600.00 | 112.00 | | | 1,712.00 |
| | Administrative Fees (On Lots  <= 2,500 ) | 160.00 | 11.20 | | | 171.20 |
| | Sub Totals | 1,760.00 | 123.20 | | | 1,883.20 |

Draft

**$29.36 per day will be charged on overdue accounts.**

Invoice in accordance with bidder registration agreement. Every item is sold "as is" and "where is" as per our Auction Terms of sale. Purchases must be paid in full within 7 days of the end of the auction. No removals until paid in full. Overdue accounts - interest charged per our Auction Terms of sale. Please pay from this invoice - we do not issue statements. Auctioneers are not the principals in this sale but are acting solely as agents.



# RITCHIE BROS.
Auctioneers

## INVOICE
# 201710102056

Auction number: 2017101
Auction date: 2017/02/20

Date: 2017-02-24

Ritchie Bros Auctioneers (America) Inc
4000 Pine Lake Road
Lincoln, NE, USA 68516
Tel: 1 (402) 421-3631  Fax: 1 (402) 421-1738
www.rbauction.com

Auction location:  Orlando, FL, USA
700 Ritchie Road
Davenport, FL USA 33897
Tel 1 (863) 420-9919  Fax 1 (863) 420-2447

Sold to:    TRI COUNTY TRUCKS SALES & EXPORT CORP
8914 NW 181ST ST
HIALEAH, FL USA 330186558

Buyer number:  **2056**
Contact name:    JOSMAR MARTINEZ
Customer number:  9285311
Tel: 1 (786) 253-8165    Fax:

| Lot No. | Description | Price | Tax1 | Tax2 | Tax3 | USD Total |
|---------|-------------|-------|------|------|------|-----------|



Wire Transfer to:
Bank of America
100 W 33rd Street, New York, NY 10001
Credit To:  Ritchie Bros Auctioneers (America) Inc
Routing: ▓▓▓▓▓ / Swift:  BOFAUS3N
Account: ▓▓▓▓▓
Reference invoice #:20▓▓▓▓▓
Or Please Deliver Check to Auction Site or Courier To:
Ritchie Bros. Auctioneer (America) Inc
700 Ritchie Rd
Davenport, FL 33897 USA

MVDL REC'D
Resale Certificate Required

| | |
|---|---|
| Total Purchase: | 54,022.50 |
| Tax1 (Equip) | 123.20 |
| Tax2 (MV) | 3,368.37 |
| TOTAL: | 57,514.07 |
| Amount Paid: | 0.00 |
| Balance Owing: | 57,514.07 |

$28.36 per day will be charged on overdue accounts.

Invoice in accordance with bidder registration agreement. Every item is sold "as is" and "where is" as per our Auction Terms of sale. Purchases must be paid in full within 7 days of the
end of the auction. No removals until paid in full. Overdue accounts - interest charged per our Auction Terms of sale. Please pay from this invoice - we do not issue statements.
Auctioneers are not the principals in this sale but are acting solely as agents.

# Exhibit "E"



RITCHIE BROS.

Auctioneers

Ritchie Bros Auctioneers (America) Inc
4000 Pine Lake Rd, Lincoln, NE 68516.
Telephone 402 421 3631 Fax 402 421 1736

Bank of America, N.A., 54 Palmer Ave., Maitville, NC 28806-3301

PAY    One Hundred Eighty Thousand One Hundred Seventy-Eight Dollars
       And Zero Cents*****

PAY
TO
THE
ORDER
OF

Tri County Truck Sales & Export Corp

66-798/538 NK.

80858287

DATE  YYYY MM DD
2017 03 14

$ 180,178.00



**Customer Receipt**

and conditions of the Rules and Regulations of this Bank an
to outstanding balances and not upon issuance of this recei
, and Bank Holidays, are dated and considered received as o
statement.

ransfers and

```
Tran 002500   03/22/2017
Entity NFL   CC 0005505 Tlr 00002
Account         ********4778
R/T# 540590135
Deposit                    $180,178.00


IntRef        358602C2AM2V2V8X71AV050C
```



# Exhibit "F"

# P1500000737 21

_____
(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP    ☐ WAIT    ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____    Certificates of Status _____

Special Instructions to Filing Officer:

Walk In

Office Use Only



900295105199

S. TALLENT

FEB 23 2017

FILED
17 FEB 22 AH 8: 33
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

900295105199
02/22/17--01006--005   **35.00



RECEIVED
2017 FEB 22 AH 11: 08
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

Amend



1000 Ponce de Leon Blvd. Suite: 105
Coral Gables, FL 33134
Phone: 305-444-4994
Email: filing@ecfsfiling.com

Office Use Only

## CORPORATION NAME(S) & DOCUMENT NUMBERS(S):

1. _Tri-Country Trucks Sales & Export Corp_

   (CORPORATE NAME)                    (DOCUMENT #)

2. _____  *P15000073721*

   (CORPORATE NAME)                    (DOCUMENT #)

3. _____  _____

   (CORPORATE NAME)                    (DOCUMENT #)

☐ Walk-In    ☑ Pick up time: _____    ☐ Certified Copy    ☐ Certificate Of Status

| New Filings |
|---|
| Profit |
| Non-Profit |
| Limited Liability |
| Other: |

| Amendments |
|---|
| ☒ Amendments |
| Resignation |
| Dissolution/Withdrawal |
| Other: |

| Other Filings |
|---|
| Annual Report |
| Fictitious Name |
| Apostille: |
| Other: |

| Examiners Initials | |
|---|---|

# ARTICLES OF AMENDMENT
## TO
## ARTICLES OF INCORPORATION
## OF

---

TRI-COUNTY TRUCKS SALES & EXPORT, CORP.
(Present name)

Doc. #P 15000073721

*Pursuant to the provisions of section 607.1006, Florida Statues, this corporation adopts*
*The following articles of amendment to its articles of incorporation:*

**FIRST**: *Amendment(s) adopted: (indicate article number(s) being amended,*
*Added or deleted)*

ARTICLE  : Deleted

Name:  Josmar Jose Martinez Ojeda
Address: 8914 NW 181st. ST
Hialeah, Fl 33018

ARTICLE:   Amendment

Name: Telma L. Alvarado
Address:  8914 NW 181st. ST
Hialeah, Fl 33018
President-------100% Shares

FILED
17 FEB 22 AM 8: 33
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

_____
Signature

**SECOND:** If an amendment provides for an exchange, reclassification or cancellation
Have issued shares, provisions for implementing this amendment if not
Contained in the amendment itself, are as follows:

**THIRD:** The date of each amendment's adoption:01/01/2017____.

**FOURTH:** Adoption of Amendment(s) (check one)

_X_The amendment(s) was/were approved by the shareholders. The number of votes
Cast for the amendment(s) was/were sufficient for approval.

____The amendment(s) was/were approved by the shareholders through voting groups.

The following statement must be separately provided for each
Voting group entitled to vote separately on the amendment(s):

"The number of votes cast for the amendment(s) was/were sufficient for
approval by_____."
(Voting group)

____The amendment(s) was/were adopted by the board of directors without
Shareholder action and shareholder action was not required.

____The amendment(s) was/were adopted by the incorporators without shareholder
Action and shareholder action was not required.

Signed this_14days_____, February_____, _2017____.

Signature _____

(By the Chairman or Vice Chairman of the Board of Directors,
President or other officer if adopted by the shareholders)

OR

(By a director if adopted by the directors)

OR

(By an incorporator if adopted by the incorporators)

_____Telma L. Alvarado_____
Typed  or  printed  name

_____President_____
Title

# Exhibit "G"

RELATION OF VEHICLES AND TRUCKS

| VIN | Year | Make | Model | Color | Type | Location |
|---|---|---|---|---|---|---|
| 1GDT7H4CN3J51907 | 1999 | GMC | CONV | WHITE | TRUCK | TRUCK YARD |
| 1M1AW01X0ANN02160 | 2010 | MACK | CXU | GREEN | TRUCK | TRUCK YARD |
| BGT CAT 943 / 23-01-01 | | BGTCAT | | WHITE | TRUCK | TRUCK YARD |
| 2T3WFREV1DW038006 | 2013 | TOYOTA | XLE | RED | PICKUP TRUCK | TELMA |
| 1M1AW01X09N001428 | 2009 | MACK | | WHITE AND BLUE | TRUCK | RITCHIE BROSS |
| 1M1AK05Y97N021516 | 2005 | MACK | CXN | YELLOW AND RED | TRUCK | TRUCK YARD/COMPANY |
| 4VAN19TG46N414382 | 2006 | VOLVO | VNL | YELLOW AND RED | TRUCK | TRUCK YARD/COMPANY |
| 1M1AA08K71W022224 | 2001 | MACK | CH | YELLOW AND RED | TRUCK | TRUCK YARD/COMPANY |
| JTMCY7AJ8G4044151 | 2016 | TOYOTA | LAND CRUXE | BLACK | PICKUP TRUCK | JOSMAR |
| 1M1AK05YX5N001986 | 2005 | MACK | CXN | GREEN | TRUCK | TRUCK YARD |
| 1GCHK23285F114579 | 2006 | CHEVY SILVERADO | 2500HD | DARK BLUE | PICKUP TRUCK | TRUCK YARD |
| 3WKDA48X94FD54638 | 2004 | KENWORTH | T800 | WHITE | TRUCK | TRUCK YARD |
| 1HTMMAAM7BH283081 | 2011 | INTERNACIONAL | 4300SBA | YELLOW | TRUCK | TRUCK YARD |
| 1HTWRNAAM7BHZ83336 | 2011 | INTERNACIONAL | 4300SBA | YELLOW | TRUCK | TRUCK YARD |
| 1HTMNAAM67H413932 | 2007 | HHTN | AMBULANCIA | GREEN AND WHITE | AMBULANCE | TRUCK YARD |
| 4VHR19TG16N422052 | 2006 | VOLVO | TR | BLUE | TRUCK | TRUCK YARD |
| 1M1AK05Y56N007138 | 2006 | MACK | CXN | GREEN | TRUCK | TRUCK YARD |
| 1M1AK05YX5N001986 | 2005 | MACK | CXN | GREEN | TRUCK | TRUCK YARD |
| 2T1BURHE6GC719285 | 2016 | TOYOTA | COROLLA | BLACK | CAR | JOSMAR |
| 1M1AW01X3BM002528 | 2011 | MACK | CXU | GREEN | TRUCK | TRUCK YARD |

Exhibit "H"

TRI-COUNTY TRUCKS SALES & EXPORT, CORP.

Certificate

No 01

No 01

TRI-COUNTY TRUCKS SALES & EXPORT, CORP.

INCORPORATED UNDER THE LAWS OF
THE STATE OF FLORIDA

This Certifies that

**TELMA L ALVARADO**

100.00%

100 SHARES COMMON STOCK

is hereby issued

PRESIDENT

SECRETARY

September

NO. OF ORIGINAL
CERTIFICATE

NO. OF ORIGINAL
SHARES

NO. OF SHARES
TRANSFERRED

**EXHIBIT "B"**
(Settlement Agreement)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                          CASE NO. 17-24640-LMI

                                                                Chapter 7

TRI-COUNTY TRUCKS SALES & EXPORT, CORP.,


                    Debtor.

_____/

## TERM SHEET WITH RESPECT TO GLOBAL SETTLEMENT OF
## CREDITOR JOSMAR JOSE MARTINEZ OJEDA'S CLAIMS

This term sheet (the "Term Sheet") provides an outline of a proposed settlement (the "Settlement") between (i) Ross R. Hartog, Chapter 7 Trustee ("Trustee") for Tri-County Trucks Sales & Export, Corp. ("Debtor") in the chapter 7 case pending in the United States Bankruptcy Court for the Southern District of Florida  Case No. 17-24640-LMI (the "Bankruptcy Case"), and (ii) Creditor, Josmar Jose Martinez Ojeda ("Creditor" and together with Trustee, the "Parties"), regarding Creditor's claims in the Bankruptcy Case, as well as claims asserted by and against Debtor in Case No. 17-8305-CA-01, Div. 43, Circuit Court, Miami-Dade County ("State Court Action"), an $86,000.00 transfer to the Creditor that the Trustee asserts may be subject to avoidance under section 547 of the Bankruptcy Code (the "Preference"), and certain other related issues. This Term Sheet is entitled to protection from any use or disclosure to any party or person pursuant to Federal Rule of Evidence 408 and any other rule or statute of similar effect. Nothing set forth herein shall be deemed an admission of any party, including the Debtor or Creditor.

| 1. | Monies Held in Trust | The Parties agree and acknowledge that that there are funds currently held in Trust at Iberia Bank totaling approximately $120,000 ("Funds") in connection with a court order entered in the State Court Action.  A dispute exists concerning ownership of the Funds. Creditor contends that the Funds are rightfully his, while Trustee contends that the funds are property of the bankruptcy estate ("Estate").  The Parties agree to resolve the dispute concerning the Funds as part of this global settlement as follows: (a) $110,000 from the Funds shall be released to Creditor, and shall not be deemed property of the Estate; (b) the remaining balance of the Funds (approximately $10,000, inclusive of interest accrued) shall be released to |

| | | |
|---|---|---|
| | | Trustee and shall be deemed property of the Estate. The Parties hereby agree and consent to the entry of an order in the State Court Action releasing said Funds in the manner set forth above upon approval by the Bankruptcy Court. The Parties waive their respective rights, together with all claims relating to, any portion of the Funds other than as specifically set forth herein. |
| 2. | **The Toyota Land Cruiser and the Toyota Corolla** | Creditor shall retain the Toyota Land Cruiser (VIN JTMCY7AJ8G4044191) and the Toyota Corolla (VIN 2T1BURHE6GC719285), purchased with Creditor's funds and presently in Creditor's possession.   Trustee shall cause title to these vehicles to be transferred to Creditor. Such transfer shall be free of all liens and encumbrances. Any fees, costs, and taxes associated with said transfer shall be borne by the Creditor. |
| 3. | **Sale of Debtor's Vehicles, Assets, and Settlement of Claims** | Creditor shall pay $70,000 ("Purchase Sum") to the Estate for the purchase of the Estate's right, title, and interest in all of Debtor's assets, and as settlement of the Estate's Preference claim, and other Chapter 5 claims against Creditor, whether known or unknown.   The sale (the "Sale") shall include all of Debtor's equipment, inventory, and vehicles, excluding the Toyota Land Cruiser and Toyota Corolla, more fully described in the attached Exhibit "A" (the "Assets").   Upon Creditor's payment of the Purchase Sum to Trustee, Trustee shall cause title of the Assets to Creditor, or its assignee.   It shall be the Creditor's responsibility to take possession of any assets that are not currently in the possession of the Trustee. Such transfer shall be free of all liens and encumbrances. Any fees, costs, and taxes associated with said transfer shall be borne by the Creditor.  The Order approving such sale shall include a finding that the purchase of the Assets is in good faith and does not violate 11 U.S.C. 363(n) and Creditor shall have the protections of 11 U.S.C. 363(m). |
| 4. | **Payment of Amounts Due** | Creditor shall cause payment of the $10,000 referenced in Section 1, as well as the $70,000 Purchase Sum referenced in Section 3, as follows: either (a) the entire $80,000 shall be paid to the Trustee from the $120,000 Funds; or (b) the Purchase Sum shall be deposited into the trust account of counsel for the Trustee prior to the parties seeking release of any of the Funds from the State Court. |

| 5. | **Creditor's Allowed Claim and Amendment of Proof of Claim** | Creditor shall have an allowed claim for $520,205.20, to which Trustee shall not object (this amount is derived by subtracting the value of the Toyota Land Cruiser (VIN JTMCY7AJ8G4044191) and the Toyota Corolla (VIN 2T1BURHE6GC719285) transferred to Creditor as part of this settlement, as well as the $110,000 released from Trust to Creditor, from the $712,205.20 amount reflected in Creditor's Proof of Claim filed in the Bankruptcy Case. Creditor shall amend his Proof of Claim accordingly, once the transfer of $10,000, and payment of the Purchase Sum to the Trustee is completed. <br><br> As a further inducement to settlement, the Creditor agrees that Proof of Claim 1-1 filed by T-Mobile in the amount of $848.95 shall be paid in full before the calculation of Creditor's distribution in this case. |
| --- | --- | --- |
| 6. | **Governing Law and Jurisdiction** | This Term Sheet shall be construed, performed and enforced in accordance with, and governed by, the laws of the State of Florida (without giving effect to the principles of conflicts of laws thereof that would the application of the law of another jurisdiction), except to the extent that such laws are superseded by the Bankruptcy Code. The Parties hereby irrevocably elect the Bankruptcy Court as the sole judicial forum for the adjudication of any matters arising under or in connection with this Term Sheet and consent to the exclusive jurisdiction of the Bankruptcy Court. |
| 7. | **Integration** | This Term Sheet contains the entire understanding among the parties hereto with respect to the terms of the settlement contemplated hereby and supersedes and replaces all prior and contemporaneous agreements and understandings, oral or written, with regard to such terms. |
| 8. | **Dismissal and Releases** | Creditor shall dismiss with prejudice its Complaint in the State Court Action solely as against Debtor (and not other named defendants in the State Court Action). Trustee, on behalf of Debtor, shall dismiss with prejudice the Counterclaim and Third Party Complaint in the State Court Action as against all parties named therein. The dismissal of these claims shall in no way impact Creditor's |

| | | ability to continue litigating the State Court Action against all other named Defendants other than Debtor, or to amend its Complaint in the State Court Action to name additional parties other than Debtor. The Parties agree to mutually release each other of any and all claims and causes of actions, including the Preference and other causes of action under Chapter 5 of the Bankruptcy Code. However, the release shall not include a release of Creditor's allowed claim in the Debtor's bankruptcy case. |
|---|---|---|
| 9. | Counterparts | This Term Sheet may be executed in counterparts, each of which shall be deemed an original but all of which constitute the same agreement. To the extent signed and delivered by facsimile or other electronic transmission, signature pages hereto shall be treated in all manner and respects as originals and shall be considered to have the same binding legal effects as if they were the original signed versions thereof delivered in person. |
| 10. | Effectiveness and Conditions Precedent | This settlement shall not be effective until executed by both Parties, and the Trustee has obtained an order (in form and substance acceptable to Creditor) from the Bankruptcy Court approving the terms set forth herein. |

By executing this Term Sheet, the Parties agree that this Term Sheet reflects the material terms of their agreement. Notwithstanding the execution of this Term Sheet, the Parties agree that the Settlement shall only be effective upon execution by both Parties and approval by the Bankruptcy Court, pursuant to the terms and conditions set forth in this Term Sheet.

Dated: March ___, 2018    05/30/2018

By: _____
Josman Jose Martinez Ojeda

Dated: March ___, 2018

By: _____
Ross R. Hartog, as Chapter 7 Trustee for the bankruptcy estate of Tri-County Trucks Sales and Export, Corp.

Scanned by CamScanner

EXHIBIT A

1. 2005 Mack CXN613 600 tractor trailer, VIN: 1M1AK05YX5N001986
2. 2004 Kenworth T800 (DS body type); VIN 3WKDA48X94F054638,
3. 2006 Volvo VNL tractor trailer, VIN: 4V4 N19TG16n422052
4. 2006 Mack Vision tractor trailer Model: CXN613, Color: green VIN: 1M1AK05Y66N007138
5. Metal dump beds (1) Gray (1) Blue (approx. 20' long ea.)
6. Bobcat Skid Steer Loader (parts only)
7. 2007 International 4300 Durastar Type 1 Ambulance, Manufactured by: Horton Emergency Vehicles Company, VIN: 1HTMNAAM67H415932
8. 2006 Mack CXN613, VIN: 1M1AK05Y16N007080,
9. 2011 International 4000 Series 4300, 24' box truck, VIN: 1HTMMAAM7BH283338,
10. 2011 International 4300 SBA 4x2, 24' box truck, VIN: 1HTMMAAM7BH283081,
11. 45' container (red) with used parts & pieces, power hand tools, welding tanks, trans. Jack, air hoses, generator, broken equipment,
12. Air compressor (approx. 100 gal.) with Honda 420cc engine
13. Miller Bobcat 250 AC/DC 10,000 watt portable welder (gas engine)
14. Torch, acetylene, with tanks
15. GenPower Powermate 10HP generator

**EXHIBIT "C"**
(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE:

TRI-COUNTY TRUCKS SALES &
EXPORT, CORP.,

      **Debtor./**

CASE NO.: 17-24640-LMI

Chapter 7

## ORDER GRANTING TRUSTEE'S MOTION
## TO APPROVE SETTLEMENT WITH JOSMAR JOSE MARTINEZ OJEDA

**THIS CAUSE** came before the Court on _____, 2018 at ___ a.m./p.m. in

Miami, Florida, upon the *Trustee's Motion to Approve Settlement with Josmar Jose Martinez*

*Ojeda* (the "Motion")[1] [ECF No. ___]. The Court, having reviewed (i) the Motion, noting that no

objections were filed or made at the hearing, (ii) the Settlement, and (iii) the Court file, being

otherwise fully advised in the premises and for the reasons set forth on the record and in the

Motion, which are incorporated herein by reference, the Court finds:

    A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and

        authority to enter this Order pursuant to 11 U.S.C. § 105(a);

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.
{02110512.DOCX.}

B.  The form and means of the notice of the Settlement and the Motion are hereby determined to have been the best notice practicable under the circumstances and to be good and sufficient notice to all persons whose interests would or could be affected by this Order;

C.  The Court has been apprised of the negotiations that preceded the execution of the Settlement and finds that the Settlement is a result of an arms-length bargaining among the Parties and represents a good faith compromise and resolution of the matters settled. There is no evidence that the Settlement is the result of collusion among the Parties; and

D.  The legal and factual basis set forth in the Motion and on the record establish that the Settlement represents a fair, reasonable and adequate resolution of the claims among the Parties, and the Court finds that the Settlement is fair and equitable with respect to the creditors in this bankruptcy case, is in the best interest of this bankruptcy estate, and otherwise meets the criteria set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), specifically:

   a.  *Probability of success in litigation.* In the underlying State Court Action, the Creditor has asserted five counts against the Debtor, including for declaratory judgment, conversion (two counts), unjust enrichment and equitable accounting. The Trustee filed a Counterclaim and Third-Party Complaint bringing a claim to avoid an alleged fraudulent transfer and to determine the validity, priority and extent of the Creditor's liens. Complex factual disputes abound, and as a result, the Trustee faces a risk of incurring significant cost to

the bankruptcy estate with recovery remaining uncertain. As such, this factor militates in favor of approval.

b.  *Collectability.* This is not a major factor relating to the Creditor because the Funds have been deposited in Trust at Iberia Bank, which are sufficient to cover the Trustee's asserted avoidance claim.

c.  *Complexity of litigation and attendant expense, inconvenience and delay.* The State Court Action includes the Creditor's claims, the Trustee's Counterclaim and the Trustee's Third-Party Complaint. The issues involved in resolving the Parties respective claims are fact intensive and subject to contentious dispute. The Settlement obviates the need for the Parties to incur the expense and time delay associate with discovery, motion practice and a potential trial. It is in the best interest of the bankruptcy estate for the Trustee not to expend the bankruptcy estate's resources on protracted litigation.

d.  *Paramount interest of creditors.* The Settlement will immediately add $80,000.00 to the bankruptcy estate. Other than the Creditor's, there is only one other claim in this case filed by T-Mobile, and the Creditor has agreed, through the Settlement, to allow T-Mobile's claim to be paid in full before the calculation of the Creditor's distribution in this case.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.    The Motion is **GRANTED**.

2.    The Settlement Agreement attached as Exhibit B to the Motion is approved on the terms and conditions set forth therein.

3.    The Trustee is authorized to take any and all actions and execute any and all

documents necessary to effectuate the terms of the Settlement.

4.    The Court incorporates the terms of the Settlement into this Order and retains

jurisdiction to enforce the terms thereof.

# # #

Copies furnished to:
John H. Lee, Esq.
Markowitz, Ringel, Trusty & Hartog, P.A.
9130 So. Dadeland Boulevard, Suite 1800
Miami, Florida 33156
Tel: 305-670-5000
Fax: 305-670-5011
Email: jlee@mrthlaw.com

(Attorney **Lee** is directed to mail a conformed copy of this
Order to all interested parties immediately upon receipt).