

**ORDERED in the Southern District of Florida on December 6, 2018.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO.: 17-24640-LMI |
| TRI-COUNTY TRUCKS SALES & EXPORT, CORP., | Chapter 7 |
| Debtor./ | |

**ORDER GRANTING TRUSTEE'S MOTION
TO APPROVE SETTLEMENT WITH JOSMAR JOSE MARTINEZ OJEDA**

**THIS CAUSE** came before the Court on November 29, 2018 at 9:30 a.m. in Miami, Florida, upon the *Trustee's Motion to Approve Settlement with Josmar Jose Martinez Ojeda* (the "Motion")[1] [ECF No. 39]. The Court, having reviewed (i) the Motion, noting that no objections were filed or made at the hearing, (ii) the Settlement, and (iii) the Court file, being otherwise fully advised in the premises and for the reasons set forth on the record and in the Motion, which are incorporated herein by reference, the Court finds:

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and authority to enter this Order pursuant to 11 U.S.C. § 105(a);

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

B. The form and means of the notice of the Settlement and the Motion are hereby determined to have been the best notice practicable under the circumstances and to be good and sufficient notice to all persons whose interests would or could be affected by this Order;

C. The Court has been apprised of the negotiations that preceded the execution of the Settlement and finds that the Settlement is a result of an arms-length bargaining among the Parties and represents a good faith compromise and resolution of the matters settled. There is no evidence that the Settlement is the result of collusion among the Parties; and

D. The legal and factual basis set forth in the Motion and on the record establish that the Settlement represents a fair, reasonable and adequate resolution of the claims among the Parties, and the Court finds that the Settlement is fair and equitable with respect to the creditors in this bankruptcy case, is in the best interest of this bankruptcy estate, and otherwise meets the criteria set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), specifically:

   a. *Probability of success in litigation.* In the underlying State Court Action, the Creditor has asserted five counts against the Debtor, including for declaratory judgment, conversion (two counts), unjust enrichment and equitable accounting. The Trustee filed a Counterclaim and Third-Party Complaint bringing a claim to avoid an alleged fraudulent transfer and to determine the validity, priority and extent of the Creditor's liens. Complex factual disputes abound, and as a result, the Trustee faces a risk of incurring significant cost to

the bankruptcy estate with recovery remaining uncertain. As such, this factor militates in favor of approval.

b. *Collectability.* This is not a major factor relating to the Creditor because the Funds have been deposited in Trust at Iberia Bank, which are sufficient to cover the Trustee's asserted avoidance claim.

c. *Complexity of litigation and attendant expense, inconvenience and delay.* The State Court Action includes the Creditor's claims, the Trustee's Counterclaim and the Trustee's Third-Party Complaint. The issues involved in resolving the Parties respective claims are fact intensive and subject to contentious dispute. The Settlement obviates the need for the Parties to incur the expense and time delay associate with discovery, motion practice and a potential trial. It is in the best interest of the bankruptcy estate for the Trustee not to expend the bankruptcy estate's resources on protracted litigation.

d. *Paramount interest of creditors.* The Settlement will immediately add $80,000.00 to the bankruptcy estate. Other than the Creditor's, there is only one other claim in this case filed by T-Mobile, and the Creditor has agreed, through the Settlement, to allow T-Mobile's claim to be paid in full before the calculation of the Creditor's distribution in this case.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion is **GRANTED**.

2. The Settlement Agreement attached as Exhibit B to the Motion is approved on the terms and conditions set forth therein.

3. The Trustee is authorized to take any and all actions and execute any and all documents necessary to effectuate the terms of the Settlement.

4. Iberia Bank is directed to release and pay, within fourteen (14) calendar days of the entry of this Order, all Funds currently held in trust in the joint restricted account ending in x7765 and held in the names of Elio Martinez, Jr., Esq. and Bolivar C. Porta, Esq., as follows:

   a. eighty thousand dollars ($80,000.00) by cashier's check, wire transfer, or other form of immediately available funds, payable to Ross R. Hartog, Chapter 7 Trustee, and delivered to Markowitz Ringel Trusty & Hartog, P.A., c/o John H. Lee 9130 South Dadeland Blvd., Suite 1800, Miami, Florida 33156; and

   b. the remaining balance held in the account by cashier's check, wire transfer, or other form of immediately available funds, payable to Espinosa Martinez, PL, counsel for Josmar Jose Martinez Ojeda and delivered to Espinosa Martinez, PL, c/o Elio Martinez, Jr., 1428 Brickell Ave., Suite 100, Miami, FL 33131.

5. The Court incorporates the terms of the Settlement into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Copies furnished to:
John H. Lee, Esq.
Markowitz, Ringel, Trusty & Hartog, P.A.
9130 So. Dadeland Boulevard, Suite 1800
Miami, Florida 33156
Tel: 305-670-5000
Fax: 305-670-5011
Email: jlee@mrthlaw.com

(Attorney **Lee** is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt).